IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DANCO, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 5:16-cv-00073 JRG-CMC |
| v. | § | |
| | § | |
| FLUIDMASTER, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT FLUIDMASTER, INC.'S**
**MOTION TO TRANSFER VENUE**

**Table of Contents**

I . INTRODUCTION ........................................................................................................ 1

II . BACKGROUND ........................................................................................................ 2

A. Stage of the Litigation........................................................................................................ 2

B. The Parties ........................................................................................................ 2

C. The Accused Products........................................................................................................ 3

III . APPLICABLE LAW ........................................................................................................ 4

IV . ARGUMENT........................................................................................................ 5

A. This Case Could Have Been Brought in the Central District of California......................... 5

B. The Private Interest Factors Favor Transfer to the Central District of California ............... 6

1. Cost of Attendance of Willing Witnesses Favors Transfer ......................................... 6

2. Relative Ease of Access to Sources of Proof Favors Transfer .................................... 8

3. Availability of Compulsory Process to Secure the Attendance of Witnesses Favors Transfer........................................................................................................ 9

4. No Delay or Prejudice Would Be Caused by Transfer............................................. 10

C. The Public Interest Factors Weigh in Favor of Transfer or Are Neutral. .......................... 10

1. The Central District of California Has a Greater Interest in This Case...................... 10

2. The Remaining Public Interest Factors Are Neutral. ................................................ 11

V . CONCLUSION........................................................................................................ 12

**Table of Authorities**

**<u>Cases</u>**

*DietGoal Innovations LLC v. Meredith Corp.*, 2013 WL 1628383 (E.D. Tex. Apr. 15, 2013) ..... 5

*Emanuelle v. MillerCoors, LLC*, 2014 WL 2609313, (E.D. Tex. Apr. 17, 2014) .......................... 7

*In re Acer Am. Corp.*, 626 F.3d 1252, 1254-56 (Fed. Cir. 2010) .................................................. 6

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009)........................................................ 6, 8, 10

*In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003 ......................................................... 10

*In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009)..................................................... 6, 8, 9

*In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2009) .................................................. passim

*In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) .................................................................. 4, 5

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 (5th Cir. 2008).................................. 1, 4, 9, 11

*Interactive Music Tech., LLC v. Roland Corp. U.S.*,
2008 WL 245142 (E.D. Tex. January 29, 2008)......................................................................... 4

*L & H Concepts, LLC v. Skyhawke Technologies*, LLC,
No. 2:13-cv-199-JRG (E.D. Tex. Feb. 19, 2014) ........................................................................ 7

*Motiva LLC v. Nintendo Co. Ltd. et al.*, 2009 WL 1882836 (E.D. Tex. Jun. 30, 2009)............... 10

*Network Prot. Sciences, LLC v. Juniper Networks, Inc.*,
2012 WL 194382 (E.D. Tex. Jan. 23, 2012)................................................................................ 9

*Rotatable Technologies, LLC v. Lennox Industries, Inc.*,
No. 2:13-cv-110-JRG (E.D. Tex. Mar. 7, 2014)........................................................................... 7

*Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, 2012 WL 194370 (E.D. Tex. Jan. 23, 2012)............. 9

**Statutes**

28 U.S.C. § 1391(b) .......... 5

28 U.S.C. § 1391(c) .......... 5

28 U.S.C. § 1400(b) .......... 5

28 U.S.C. § 1404(a) .......... passim

**Rules**

Fed. Rule Civ. Pro. 45(c)(1)(A) .......... 9

## I. INTRODUCTION

Defendant Fluidmaster, Inc. ("Fluidmaster") hereby moves to transfer venue to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a), under the doctrine of *forum non conveniens*. Transfer is appropriate in this case because it has no meaningful connection to the Eastern District of Texas and because the vast majority of the relevant evidence, including Fluidmaster and all of its witnesses, is located in the Central District of California. As "[t]he only connection between this case and the Eastern District of Texas is plaintiffs' choice to file there," the Court should grant the motion to transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 (5th Cir. 2008) (*en banc*) ("*Volkswagen II"*) (citation omitted).

Fluidmaster's only place of business in the United States is in San Juan Capistrano, CA. As a result, all documents and other information related to the design and development, marketing, sales, and customer service of the accused products in this case are located in the Central District of California. In addition, the vast majority of potential witnesses reside in the Central District of California.

Conversely, neither this case nor its parties have any significant ties to the Eastern District of Texas. Plaintiff Danco, Inc. ("Danco") is a Delaware corporation, and while Danco identifies its principal place of business as being in Irving, TX,[1] none of the inventors of the asserted patents (i.e., U.S. Patent Nos. 8,943,620 ("the '620 Patent) and 9,181,687 ("the '687 Patent") (collectively, "patents-in-suit")) live or work in Texas. Therefore, it is likely that the majority (if not all) of the documents and witnesses produced by Danco will originate from outside of this District, and therefore, Danco would not be prejudiced from the transfer of this case to the Central District of California.

[1] Irving falls under the jurisdiction of the United States District Court for the Northern District of Texas.

Because (a) Fluidmaster is unaware of any potential witnesses or evidence located in the Eastern District of Texas, (b) neither Danco nor Fluidmaster have significant ties to this District, and (c) the vast majority of the relevant evidence and witnesses are located in the Central District of California, Fluidmaster respectfully requests that the Court transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

## II. BACKGROUND

### A. Stage of the Litigation

The present suit was filed on June 10, 2016. (Dkt. No. 1 ("Compl."), ¶¶ 26, 35.) Danco's Complaint alleges that Fluidmaster directly infringes the patents-in-suit by purportedly making, using, offering for sale, selling, and/or importing its DUO FLUSH product. (*Id.*, ¶¶ 5, 26, 35.) Fluidmaster was formally served with the Complaint on June 16, 2016. (Dkt. 3, Summons.)

### B. The Parties

Fluidmaster was founded in 1957 and is a leading global supplier of fluid management solutions.[2] (Sampson Decl., ¶¶ 2, 3.) Fluidmaster manufactures and sells toilet repair products such as flush valves, flappers, tank levers, dual flush valves, bowl wax, toilet repair kits, ballcocks and connectors. (*Id.*, ¶ 3.) Fluidmaster's headquarters—and only corporate office—is in San Juan Capistrano, CA. (*Id.*, ¶ 6.) Fluidmaster presently employs approximately 125 people at its San Juan Capistrano headquarters (*id.*), and Fluidmaster does not maintain any other U.S. offices, including in the Eastern District of Texas. (*Id.*) Consequently, all of the relevant evidence, including Fluidmaster's expected witnesses in this case, are located in the Central District of California. (*Id.*, ¶¶ 7, 9.) Fluidmaster is not aware of any employees who live or work

[2] Attached hereto is the Declaration of Adam Sampson in Support of Defendant Fluidmaster, Inc.'s Motion to Transfer ("Sampson Decl.").

in the Eastern District of Texas. (*Id.*, ¶ 9.) Nor is Fluidmaster aware of any relevant documents that are located in this District. (*Id.,* ¶ 7.)

Danco, the purported owner of the patents-in-suit, is a Delaware corporation located at 2727 Chemsearch Boulevard, Irving, TX 75062. (Compl., ¶ 7.) Danco does not appear to have any offices or manufacturing facilities located in the Eastern District of Texas. (Ex. A, Company Report.) The named inventors of the patents-in-suit—Michael Schuster, Duston Stuzman, Dwayne Porter and Douglas Saunders—are all located in Illinois. (Dkt. 1-2, ’620 Patent; Dkt. 1-3, ’687 Patent.)

**C. The Accused Products**

In its Complaint, Danco identifies Fluidmaster’s “dual flush converters, including at least the DUO FLUSH valve and system dual flush products” (“DUO FLUSH product”) as purportedly infringing the patents-in-suit. (Compl., ¶¶ 5, 26, 35.)

Fluidmaster’s DUO FLUSH system allows for converting a single flush toilet into a dual system where the amount of water provided to a toilet bowl varies upon the type of flush made. (Sampson Decl., ¶ 5.) This efficient system allows for receipt of less water in response to a half flush and more water in response to a full flush, thereby conserving water during use. (*Id.*) All research and development of the DUO FLUSH product occurs or has occurred at or in the vicinity of the San Juan Capistrano headquarters. (*Id.*, ¶ 8.)

All relevant documents and Fluidmaster employees having relevant knowledge regarding the DUO FLUSH product are located in the Central District of California. (*Id.*, ¶ 7, 9.) For example, Adam Sampson (Vice President of Engineering) and Tuan Le (Advanced Lead Engineer) are knowledgeable regarding the design and operation of the DUO FLUSH product, and are located in Fluidmaster’s San Juan Capistrano office. (*Id.*, ¶ 10.) Mike Robbins (Director of Sales), Scott McDonald (Vice President of Marketing) and David Hong (Director, Financial

Planning & Accounting) have information regarding the marketing, advertising and sales of the DUO FLUSH product, and are also located in Fluidmaster's San Juan Capistrano office. (*Id.*, ¶ 11-12.) No documents or employees having knowledge of Fluidmaster's DUO FLUSH product are located in or work this District or in the state of Texas, nor does any manufacturing of the DUO FLUSH product occur in this District or in the state of Texas. (*Id.*, ¶ 6-7, 9.)

## III. APPLICABLE LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfers under § 1404 prevent the "waste of time, energy, and money, and also protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Interactive Music Tech., LLC v. Roland Corp. U.S.*, No. 6:07–cv–282, 2008 WL 245142, at *8 (E.D. Tex. January 29, 2008) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). In determining whether a transfer is appropriate, the court must balance (a) the litigants' private interests, and (b) the public's interest in the fair and efficient administration of justice. *Volkswagen II*, 545 F.3d at 315. The party seeking transfer of venue must show good cause for the transfer and that the transferee district is "clearly more convenient." *Id.*

In its transfer analysis, a court must first make a threshold inquiry into "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If this threshold inquiry is satisfied, the court then considers the convenience of the parties and witnesses as well as the interests of the particular venues in hearing the case, applying both public and private interest factors. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private interest factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of

attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203; *In re TS Tech*, 551 F.3d at 1319.

"The Plaintiff's choice of venue is not a factor in [the transfer] analysis. Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is 'clearly more convenient' than the transferor venue." *DietGoal Innovations LLC v. Meredith Corp.*, No. 2:12-cv-332-JRG-RSP, 2013 WL 1628383, at *1 (E.D. Tex. Apr. 15, 2013) (citations omitted).

## IV. ARGUMENT

### A. This Case Could Have Been Brought in the Central District of California

Section 1404(a) requires that the Court first determine whether Danco's claims could have been filed in the transferee district—the Central District of California. *Volkswagen I*, 371 F.3d at 203. Under 28 U.S.C. §§ 1391(b) and 1400(b), venue in a patent infringement action is proper in any judicial district where a defendant "resides." 28 U.S.C. §§ 1391(b), 1400(b). A corporate defendant "resides" in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

Fluidmaster is headquartered in Orange County, which is within the Central District of California (Sampson Decl., ¶ 2), and was thus subject to personal jurisdiction there when this action was filed. *See* 28 U.S.C. § 1391(c). Accordingly, the threshold requirement for transfer is met because Danco could have originally filed this case in the Central District of California.

**B. The Private Interest Factors Favor Transfer to the Central District of California**

Each of the four private interest factors weighs in favor of transferring this case to the Central District of California. None of the parties, identified party or non-party witnesses, or known sources of proof, are located in this District. Indeed, there is no connection to this District other than Plaintiff's choice to file suit here. And "the Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer." *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).

Several recent Federal Circuit cases have confirmed that, where the parties, witnesses, and evidence have little or no connection to the district in which the case was filed, transfer to a more convenient venue is appropriate. For example, in *In re Nintendo*, the Federal Circuit granted a *writ of mandamus*, ordering transfer where "most witnesses and evidence [were] closer to the transferee venue [and] few or no convenience factors favor[ed] the venue chosen by the Plaintiff." 589 F.3d at 1198. In addition, the Federal Circuit ordered transfer in *In re TS Tech* where there was "no relevant connection" to the Eastern District of Texas, other than the sale of accused products in the District. 551 F.3d at 1319; *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1254-56 (Fed. Cir. 2010) (ordering transfer to Northern District of California where certain defendants were headquartered in Northern California, along with a substantial number of party witnesses). For the reasons discussed below, the same conclusion should be reached in this case.

**1. Cost of Attendance of Willing Witnesses Favors Transfer**

Courts often start the transfer analysis with "the convenience for and cost of attendance of witnesses." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); *Emanuelle v. MillerCoors, LLC*, No. 2:13-cv-703-JRG, 2014 WL 2609313, at *1 (E.D. Tex. Apr. 17, 2014) (Finding that "the Court must consider the convenience of both the party and non-party

witnesses," the Court granted a motion to transfer based in part on the existence of potential witnesses in the transferee forum); *Rotatable Technologies, LLC v. Lennox Industries, Inc.*, No. 2:13-cv-110-JRG (E.D. Tex. Mar. 7, 2014) (transferring case where "bulk of the relevant evidence" as well as "Defendant and all of its relevant employees [were] located in" the transferee forum, plaintiff and potential third-parties were located outside both forums, and "[n]o third party witnesses [had] been affirmatively identified in the Eastern District of Texas"); *L & H Concepts, LLC v. Skyhawke Technologies*, LLC, No. 2:13-cv-199-JRG (E.D. Tex. Feb. 19, 2014) (same).

Here, all of the relevant witnesses identified by Fluidmaster are located in the Central District of California (and none are located in the Eastern District of Texas). For example, Fluidmaster has preliminary identified numerous party witnesses knowledgeable about the design and operation, marketing and advertising, and sales of the accused DUO FLUSH product, who are all located at Fluidmaster's San Juan Capistrano office. (Sampson Decl., ¶¶ 10-12.) In addition, several potential third party witnesses—employees of D2M who participated in the design and development of the DUO FLUSH product—are located in Sunnyvale, California, which is a short flight from the Central District of California. (*Id.*, ¶ 13.) Moreover, prosecution counsel for the '620 and '687 Patents is located in Atlanta, GA, which is accessible to airports in Los Angeles or Orange County via daily non-stop flights.[3]

Conversely, as far as Fluidmaster is aware, there are no relevant witnesses in the Eastern District of Texas. (*Id.*, ¶ 9.) Michael Schuster, Duston Stuzman, Dwayne Porter and Douglas Saunders, the named inventors of the '620 and '687 Patents, are all located just outside of

[3] (Ex. E, FlightAware Atlanta, GA to Los Angeles, CA listing; Ex. F, FlightAware Atlanta, GA to Santa Ana, CA.)

Chicago, Illinois ('620 Patent;'687 Patent), and traveling from Chicago to Los Angeles or Orange County is likely easier than traveling from Chicago to Texarkana.[4]

Accordingly, the convenience to potential party and non-party witnesses weighs heavily in favor of transfer.

**2. Relative Ease of Access to Sources of Proof Favors Transfer**

Transfer is warranted where, as here, most sources of proof regarding the alleged infringement are located in the transferee forum. *See In re Nintendo*, 589 F.3d at 1198. A majority of the relevant evidence in this action will come from Fluidmaster, the accused infringer. *See In re Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.") (citation omitted). And all of Fluidmaster's relevant evidence—technical, marketing, sales, and customer support documents—is located within Orange County. (Sampson Decl., ¶ 7.)

Fluidmaster is aware of no documents or other evidence relating to Danco's claims and Fluidmaster's defenses that are located in the Eastern District of Texas. (*Id.*) Rather, as discussed above, all of the documents are located at Fluidmaster's San Juan Capistrano office—over 1,500 miles away from the courthouse in Texarkana. (Ex. G, Google Maps—Fluidmaster's headquarters to Courthouse directions.) Thus, the burden associated with accessing and, if necessary, transporting any documentary and other evidence is far greater if the case remains in the Eastern District of Texas. Advances in the technology of data storage do not change this conclusion. *See In re TS Tech*, 551 F.3d at 1321 ("[T]he fact 'that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does

[4] There are dozens of daily non-stop flights between Chicago and Los Angeles or Orange County that are approximately four hours in duration in each direction. (Ex. B, FlightAware Chicago, IL to Los Angeles, CA listing; Ex. C, FlightAware Chicago, IL to Santa Ana, CA.) In contrast, there are no direct flights from Chicago to Texarkana. Thus, any travel from Chicago to Texarkana requires a connection or a 3-hour drive from Dallas. (Ex. D, Google Map Directions Dallas to Texarkana).

not render this factor superfluous.'") (citing *Volkswagen II*, 545 F.3d at 316). Because the "physical accessibility to sources of proof" is a particularly important factor, even in view of modern advances in the electronic transportation of documents, this factor weighs in favor of transfer. *Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:10-cv-160-JRG, 2012 WL 194370, at *5 (E.D. Tex. Jan. 23, 2012); *see also Network Prot. Sciences, LLC v. Juniper Networks, Inc.*, No. 2:10-cv- 224-JRG, 2012 WL 194382, at *3 (E.D. Tex. Jan. 23, 2012) (both citing *Volkswagen II*, 545 F.3d at 318 and *In re TS Tech*, 551 F.3d at 1321); *In re Nintendo*, 589 F.3d at 1198 ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the court should grant a motion to transfer.").

**3. Availability of Compulsory Process to Secure the Attendance of Witnesses Favors Transfer**

As discussed above, all known non-party witnesses in this case are located outside of the Eastern District of Texas and more than 100 miles from Texarkana—outside the subpoena power of this Court. Conversely, at least one potentially relevant former Fluidmaster employee having technical knowledge about the DUO FLUSH product lives in Orange County (Sampson Decl., ¶ 13)—within the subpoena power of the Central District of California. F.R.C.P. 45(c)(1)(A). In addition, given Fluidmaster's established roots in Orange County (*see supra*, § II.B), it is far less likely that any third-party witnesses with relevant knowledge reside within the subpoena power of the Eastern District of Texas. Accordingly, this factor weighs in favor of transfer to the Central District of California. *See In re Genentech*, 566 F.3d at 1345 ("The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly.").

**4. No Delay or Prejudice Would Be Caused by a Transfer**

Application of this factor is only relevant in "rare and special circumstances" and therefore is most often neutral. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). No such rare or special circumstances are presented here. This case is in its early stages as Fluidmaster has filed its Answer contemporaneously with this Motion and no discovery has occurred in this case. There is no risk of delay or prejudice to Danco whatsoever. Therefore, this factor is neutral.

**C. The Public Interest Factors Weigh in Favor of Transfer or Are Neutral**

The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law. *In re TS Tech*, 551 F.3d at 1319. As applied here, these factors also favor transfer.

**1. The Central District of California Has a Greater Interest in This Case**

The Central District of California has an "undisputedly high" interest in adjudicating this dispute, as Fluidmaster is headquartered in San Juan Capistrano, CA and employs 125 people there. *See supra* § II.B; *Motiva LLC v. Nintendo Co. Ltd. et al.*, No. 6:08-cv-428-LED, 2009 WL 1882836, at *6 (E.D. Tex. Jun. 30, 2009) ("As [defendant] is incorporated in Washington and has its principal place of business in the Western District of Washington, that forum's localized interest in this dispute is undisputedly high."). Moreover, any argument that the citizens of the Eastern District of Texas have any "substantial interest" in having the case tried locally because alleged infringing products were made available in this District (along with virtually every other potential jurisdiction in the United States) has been "unequivocally rejected" by the Federal Circuit. *See In re TS Tech*, 551 F.3d at 1321. As the Court held in *In re TS Tech*, if alleged

infringing products are available "throughout the United States . . . the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue." *Id.*; *see also Volkswagen II*, 545 F.3d at 318 (5th Cir. 2008). Accordingly, this factor weighs in favor of transfer.

**2. The Remaining Public Interest Factors Are Neutral**

Remaining considerations such as administrative difficulties flowing from court congestion, familiarity of the forum with the law, avoiding conflict of law, and application of foreign law are irrelevant here and are therefore neutral. Both courts are familiar with the substance and application of the federal patent laws governing this case, and there are no conflicts of law to avoid. *See In re TS Tech*, 551 F.3d at 1320.

## V. CONCLUSION

In view of the fact that the great majority of the relevant evidence in this case, including Fluidmaster and all of its relevant employees and documents, are located in the Central District of California (and not in the Eastern District of Texas), and that most of the known third-party witnesses reside in locations at least as accessible to the Central District of California, Fluidmaster respectfully requests that this Court transfer this action to the Central District of California, pursuant to 28 U.S.C. § 1404(a).

Dated: November 14, 2016

Respectfully submitted

GREENBERG TRAURIG, LLP

*/s/ Joshua L. Raskin*

Joshua L. Raskin
Amit M. Mahtani
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: 212.801.9200
Facsimile: 212.801.6400

*COUNSEL FOR DEFENDANT FLUIDMASTER, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 14th day of November, 2016. Any other counsel of record will be served by facsimile transmission and/or electronic mail.

*/s/ Joshua L. Raskin*
Joshua L. Raskin

**CERTIFICATE OF CONFERENCE**

Counsel have complied with the meet and confer requirement in Local Rule CV-7(h). The personal conference required by the Rule was conducted by telephone on November 11, 2016. Joshua Raskin and Amit Mahtani of Greenberg Traurig, LLP, counsel for Defendant Fluidmaster, Inc., met and conferred with counsel for Plaintiff Danco, Inc., Eric Maurer and Scott Amy of Thomas Horstemeyer, in a good faith effort to resolve the venue issue as set forth in Defendant Fluidmaster, Inc.'s Motion to Transfer Venue. Plaintiff's counsel stated that Plaintiff opposed such a motion, leaving the parties unable to reach a resolution.

*/s/ Joshua L. Raskin*
Joshua L. Raskin