**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| DANCO, INC.,<br><br>　　　Plaintiff,<br><br>v.<br><br>FLUIDMASTER, INC.,<br><br>　　　Defendant. | Civil Action No.:<br>5:16-CV-00073-JRG-CMC<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Danco, Inc. ("Danco"), by and through its undersigned attorneys, files this Complaint for Patent Infringement against Defendant Fluidmaster, Inc. ("Fluidmaster" or "Defendant"), and in support thereof alleges as follows:

### NATURE AND BASIS OF THE ACTION

1.　　This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2.　　Plaintiff Danco is one of the largest plumbing repair, replacement, and remodel suppliers in the home improvement industry.  Danco offers for sale its innovative plumbing solutions through various nationwide retailers, such as Home Depot and Lowe's.

3.　　 Danco's innovative plumbing solutions include a number of inventions related to novel toilet fill valves and flush valves, including dual-flush converters that quickly and easily convert a standard toilet into a water-saving dual flush toilet. These inventions include, but are

not limited to, the dual flush designs disclosed in U.S. Patent No. 8,943,620 ("the '620 Patent") and U.S. Patent No. 9,181,687 ("the '687 patent").

4. Defendant Fluidmaster is a manufacturer of toilet repair parts for the do-it-yourself and professional plumbing industry and is a direct competitor of Danco.

5. Fluidmaster currently makes, uses, offers for sale and sells a number of dual flush converters, including at least the DUO FLUSH valve and system dual flush products ("DUO FLUSH").  The Fluidmaster DUO FLUSH is offered for sale and sold through various nationwide retailers, such as such as Home Depot and Lowe's.

6. By making, using, offering for sale, selling, or importing the Fluidmaster DUO FLUSH, Fluidmaster is infringing one or more claims of the '620 and '687 Patents.  Danco seeks a preliminary injunction, a permanent injunction, and monetary damages.  Moreover, Danco respectfully submits that, upon information and belief, the present case is exceptional and Danco is entitled to enhanced damages and an award of its reasonable attorneys' fees and costs.

## THE PARTIES

7. Plaintiff Danco, Inc. is a Delaware corporation having its principal place of business at 2727 Chemsearch Boulevard, Irving, Texas 75062.

8. Upon information and belief, Defendant Fluidmaster, Inc. is a California corporation having its principal place of business at 30800 Rancho Viejo Rd., San Juan Capistrano, California 92675.  Upon further information and believe, Fluidmaster may be served by serving its Registered Agent, Stephen T. Dixon, at 30800 Rancho Viejo Rd., San Juan Capistrano, California 92675.

## JURISDICTION AND VENUE

9. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

11. This Court has personal jurisdiction over Fluidmaster by virtue of the fact that Fluidmaster has transacted business in this District and Division, has derived substantial revenue from goods offered for sale and/or sold in this District and Division, and/or has established sufficient minimum contacts with Texas such that it is subject to the personal jurisdiction of this Court. Jurisdiction in Texas over Fluidmaster is also consistent with the requirements of due process.

12. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

### Danco and Its Patent Rights

13. Danco invests a substantial amount of time and effort in the research and development of new and innovative products. Danco has developed a wide range of new and innovative plumbing products for toilets, including, for example, innovative fill valves, flush valves, and closet collar seals.

14. Danco's research and development staff invented a number of novel flush designs that allow any toilet to be converted to incorporate dual flush technology. Dual flush technology can help in water conservation efforts.

15. Danco has commercialized its patents with multiple lines of simple, easy to install dual flush converter systems, including the HydroRight Dual-Flush Converter.

16. Danco has obtained and owns one or more patents directed to its novel dual flush converters, including the '620 and '687 Patents.

17. On February 3, 2015, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued the '620 Patent, entitled "Adaptation of Flush Valve for Dual Flush Capability." A true and correct copy of the '620 Patent is attached hereto as Exhibit A.

18. On November 15, 2015, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued the '687 Patent, entitled "Adaption of Flush Valve for Dual Flush Capability." A true and correct copy of the '687 Patent is attached hereto as Exhibit B.

19. Danco is the owner by assignment of all right, title, and interest in the '620 and '687 Patents, including the right to sue for infringement thereof.

Fluidmaster's Infringing Products

20. Fluidmaster currently offers for sale and has sold a number of dual flush conversion kits and systems, including the Fluidmaster DUO FLUSH.

21. Fluidmaster's DUO FLUSH is available through various nationwide retailers, such as such as Home Depot and Lowe's. True and correct copies of web pages from the Home

Depot and Lowe's websites showing Fluidmaster's DUO FLUSH are attached hereto as Exhibit C.

22. Fluidmaster touts its DUO FLUSH as being important to water conservation efforts, stating that the systems offer substantial savings without sacrificing flushing performance. Fluidmaster also advertises that its system "Outperforms all other dual flush conversion valves." A true and correct reproduction of Fluidmaster's advertising materials for the DUO FLUSH is attached hereto as Exhibit D.

23. As discussed in more detail below, the Fluidmaster's DUO FLUSH infringes one or more of at least claims 1, 2, 4, 11, 12, 20, 21, and 22 of the '620 Patent and one or more of at least claims 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of the '687 Patent.

24. Upon information and belief, Fluidmaster has purposefully, actively, and voluntarily offered for sale and sold its DUO FLUSH with the expectation that it would be purchased or used by consumers in Texas and elsewhere. By such acts, Fluidmaster has injured Danco and is thus liable to Danco for infringement of the '620 and '687 Patents pursuant to 35 U.S.C. § 271.

## COUNT I – INFRINGEMENT OF THE '620 PATENT

25. Danco incorporates and re-alleges the allegations contained in Paragraphs 1 through 24 above as if fully set forth herein.

26. Fluidmaster has directly infringed and continues to infringe claims 1, 2, 4, 11, 12, 20, 21, and 22 of the '620 Patent in the United States in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing dual flush conversion kits that are covered by the claims of the '620 Patent. Specifically, Fluidmaster's DUO FLUSH directly

infringes claims 1, 2, 4, 11, 12, and 20 of the '620 Patent.  In addition, Fluidmaster indirectly infringes claims 21 and 22 of the '620 by actively inducing, encouraging and materially contributing to infringement by its DUO FLUSH.

27.    A preliminary claim chart showing infringement of claims 1, 2, 4, 11, 12, 20, 21, and 22 of the '620 Patent by Fluidmaster's DUO FLUSH is attached hereto as Exhibit E.

28.    For example, a summary of the infringement of claim 1 of the '620 Patent by the Fluidmaster's DUO FLUSH is provided as follows:

> i) <u>Limitation 1:</u> Fluidmaster's DUO FLUSH includes a flush mechanism configured to provide for a predefined flush capability in a toilet.
>
> ii) <u>Limitation 2:</u> Fluidmaster's DUO FLUSH includes a gasket detachably attached to the flush mechanism, and the gasket forms a seal between the flush mechanism and the flush orifice of a flush valve.
>
> iii) <u>Limitation 3:</u> Fluidmaster's DUO FLUSH maintains the seal during a full flush of the toilet by the flush mechanism.
>
> iv) <u>Limitation 4:</u> Fluidmaster's DUO FLUSH includes a flush valve that is configured to seat a sealing member.

29.    Accordingly, Fluidmaster's DUO FLUSH directly infringes at least claim 1 of the '620 Patent in violation of 35 U.S.C. § 271(a).

30.    Upon information and belief, Fluidmaster has also indirectly infringed and continues to infringe one or more claims of the '620 Patent in the United States in violation of 35 U.S.C. § 271(b) with the specific intent that the acts of "selling" by other retailers and "using" by consumers, which Fluidmaster induces, would infringe one or more claims of the '620 Patent.

6

31. As a result of Fluidmaster's infringement of the '620 Patent, Danco has been damaged, and will continue to be damaged, by Fluidmaster's conduct. Danco is therefore entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

32. Fluidmaster's infringement of the '620 Patent has injured and continues to injure Danco and will cause irreparable harm unless Fluidmaster is enjoined from infringing the claims of the '620 Patent. Accordingly, Danco is entitled to temporary, preliminary, and/or permanent injunctive relief against Fluidmaster from further infringement pursuant to 35 U.S.C. § 283.

33. Upon information and belief, Fluidmaster's past and continued infringement of the '620 Patent has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Danco pursuant to 35 U.S.C. §§ 284 & 285.

## COUNT II – INFRINGEMENT OF THE '687 PATENT

34. Danco incorporates and re-alleges the allegations contained in Paragraphs 1 through 33 above as if fully set forth herein.

35. Fluidmaster has directly infringed and continues to infringe claims 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of the '687 Patent in the United States in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing dual flush conversion kits that are covered by the claims of the '687 Patent. Specifically, the Fluidmaster's DUO FLUSH directly infringes claims 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of the '687 Patent.

36. A preliminary claim chart showing infringement of claims 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of the '687 Patent by the Fluidmaster's DUO FLUSH is attached hereto as Exhibit F.

37. For example, a summary of the infringement of claim 1 of the '687 Patent by the Fluidmaster's DUO FLUSH is provided as follows:

  i) <u>Limitation 1:</u> Fluidmaster's DUO FLUSH includes a flush opening configured to mate to a basket structure of a dual flush canister for a toilet and the dual flush canister is configured to provide both a short flush and a long flush of the toilet.

  ii) <u>Limitation 2:</u> Fluidmaster's DUO FLUSH includes a flange configured to mate to a flush valve opening of a flush valve previously installed in the toilet, and the flange is offset at an angle with respect to the flush opening.

  iii) <u>Limitation 3:</u> Fluidmaster's DUO FLUSH includes a sealing material configured to provide a seal between the flange and the flush valve opening.

  iv) <u>Limitation 4:</u> Fluidmaster's DUO FLUSH includes a mounting extension extending beyond the flange and configured to mate with an inside surface of the flush opening.

38. Accordingly, the Fluidmaster's DUO FLUSH directly infringes at least claim 1 of the '687 Patent in violation of 35 U.S.C. § 271(a).

39. Upon information and belief, Fluidmaster has also indirectly infringed and continues to infringe one or more claims of the '687 Patent in the United States in violation of 35

U.S.C. § 271(b) with the specific intent that the acts of "selling" by other retailers and "using" by consumers, which Fluidmaster induces, would infringe one or more claims of the '687 Patent.

40. As a result of Fluidmaster's infringement of the '687 Patent, Danco has been damaged, and will continue to be damaged, by Fluidmaster's conduct. Danco is therefore entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

41. Fluidmaster's infringement of the '687 Patent has injured and continues to injure Danco and will cause irreparable harm unless Fluidmaster is enjoined from infringing the claims of the '687 Patent. Accordingly, Danco is entitled to temporary, preliminary, and/or permanent injunctive relief against Fluidmaster from further infringement pursuant to 35 U.S.C. § 283.

42. Upon information and belief, Fluidmaster's past and continued infringement of the '687 Patent has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Danco pursuant to 35 U.S.C. §§ 284 & 285.

## PRAYER FOR RELIEF

WHEREFORE, Danco prays that this Court enter judgment in favor of Danco and against Fluidmaster as follows:

A. Entry of judgment that Fluidmaster, Inc., has directly and indirectly infringed the '620 Patent pursuant to 35 U.S.C. § 271 (a) & (b);

B. Entry of judgment that Fluidmaster, Inc., has directly and indirectly infringed the '687 Patent pursuant to 35 U.S.C. § 271 (a) & (b);

C. An order preliminarily and permanently enjoining Fluidmaster, Inc., and its respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with it, and all other parties properly enjoined by law, from infringing directly or indirectly, inducing others to directly infringe, and/or contributing to the infringement of the claims of the '620 Patent;

D. An order preliminarily and permanently enjoining Fluidmaster, Inc., and its respective agents, servants, officers, directors, employees, attorneys, affiliated companies, successors-in-interest, and all those in active concert or participation with it, and all other parties properly enjoined by law, from infringing directly or indirectly, inducing others to directly infringe, and/or contributing to the infringement of the claims of the '687 Patent;

E. An order that Fluidmaster, Inc., be ordered to file with this Court, and to promptly serve on counsel for Danco, within twenty (20) days after entry of any injunction issued by the Court in this action, a sworn statement setting forth in detail the manner and form in which Fluidmaster has complied with the injunction;

F. An order that Fluidmaster, Inc., provide an accounting and pay to Danco damages in an amount adequate to compensate Danco for Fluidmaster's infringement of the '620 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for willful infringement pursuant to 35 U.S.C. § 284;

10

G. An order that Fluidmaster, Inc., provide an accounting and pay to Danco damages in an amount adequate to compensate Danco for Fluidmaster's infringement of the '687 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for willful infringement pursuant to 35 U.S.C. § 284;

H. An order that this is an exceptional case under 35 U.S.C. § 285 meriting that Danco be awarded its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action; and,

I. Any other relief that the Court finds legal, just and equitable, as may be available under law or equity, and which the Court finds proper.

## DEMAND FOR TRIAL BY JURY

Danco demands trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

This 30th day of November, 2016.

Respectfully submitted,

*/s/ Eric G. Maurer*_____

Geoff Culbertson
Texas Bar No. 24045732
Patton Tidwell & Culbertson LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
*gpc@texarkanalaw.com*

Eric G. Maurer
Georgia Bar No. 478199
Scott P. Amy
Georgia Bar No. 141416
Thomas Horstemeyer LLP
400 Interstate North Parkway SE
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
*eric.maurer@thomashorstemeyer.com*
*scott.amy@thomashorstemeyer.com*

*Counsel for Plaintiff Danco, Inc.*