**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**


| | | |
|---|---|---|
| DANCO, INC., | § | |
| | § | |
| v. | § | Civil Action No.: 5:16-CV-00073-JRG-CMC |
| | § | |
| FLUIDMASTER, INC. | § | |


**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Danco, Inc. and Defendant Fluidmaster, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Each Party or Non-Party that designates information or items for protection under this Order

must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.      Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY," both individually and collectively.

thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the

following persons, except upon receipt of the prior written consent of the designating party,

upon order of the Court, or as set forth in paragraph 12 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such
counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions
dealing directly with the litigation of this Action, or who are assisting outside
counsel in the litigation of this Action; provided that before access is given, the
in-house counsel has completed the Undertaking attached as Appendix A hereto
and the same is served upon the producing Party;

(d)    up to and including three (3) designated representatives of each of the Parties to
the extent reasonably necessary for the litigation of this Action, except that either
party may in good faith request the other party's consent to designate one
or more additional representatives, the other party shall not unreasonably
withhold such consent, and the requesting party may seek leave of Court to
designate such additional representative(s) if the requesting party believes the
other party has unreasonably withheld such consent; provided that before access
is given, the designated representatives have completed the Undertaking attached
as Appendix A hereto and the same is served upon the producing Party;

(e)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party
or an affiliate of a Party) retained for the purpose of this litigation, provided that:
(1) such consultants or experts are not presently employed by the Parties hereto
for purposes other than this Action; (2) before access is given, the consultant or
expert has completed the Undertaking attached as Appendix A hereto and the
same is served upon the producing Party with a current curriculum vitae of the
consultant or expert at least five (5) days before access to the Protected Material
is to be given to that consultant or Undertaking to object to and notify the
receiving Party in writing that it objects to disclosure of Protected Material to the
consultant or expert.  The Parties agree to promptly confer and use good faith to
resolve any such objection.  If the Parties are unable to resolve any objection, the
objecting Party may file a motion with the Court within ten (10) days of the notice,
or within such other time as the Parties may agree, seeking a protective order with
respect to the proposed disclosure. The objecting Party shall have the burden of
proving the need for a protective order. No disclosure shall occur until all such
objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, and information or material or qualifies for protection under Federal Rule of Civil Procedure 26(c).

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent Protected Material qualifying to be designated CONFIDENTIAL is so sensitive (for example, proprietary research, confidential financial information, or trade secrets) that disclosure to another Party or Non-Party would create a substantial risk of serious harm, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY."

9.      For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY,

access to, and disclosure of, such Protected Material shall be limited to individuals listed

in paragraphs 5(a-c) and (e-g); provided, however, that (1) access by in-house counsel

pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive

decision-making authority on behalf of the client, and (2) access by consultants or experts

pursuant to paragraph 5(e) be limited to consultants or experts who have no present

relationship to or status within a Party other than as an outside litigation consultant or

expert, have no present or anticipated involvement in a Party's business or competitive

decision-making, and whose access to Protected Material does not present a risk that such

material will be disclosed outside of their role as a consultant or expert in this case and in

accordance with their executed Undertaking.

10.      Absent written consent from the Producing Party, any attorney representing a Party,

whether in-house or outside counsel, and any person associated with a Party and

permitted to receive the other Party's Protected Material that is designated

RESTRICTED  --  ATTORNEYS'  EYES  ONLY  ( "HIGHLY SENSITIVE

MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in

part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not

prepare, prosecute or assist in the preparation or  prosecution of any patent applications

relating to the subject matter of this action, including without limitation the any

application claiming priority to or otherwise related to the patents asserted in this action,

before any foreign or domestic agency, including the United States Patent and Trademark

Office ("the Patent Office").  For purposes of this paragraph, "preparation or

prosecution" includes directly or indirectly drafting, amending, advising, or otherwise

affecting the scope or maintenance of patent claims.[2] Notwithstanding the above, and to avoid any doubt, "preparation or prosecution" as used in this paragraph does not include: (i) representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination); (ii) representing a party defending a challenged patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination), so long as counsel representing such a party does not participate in the amendment or drafting of patent claims in any such proceedings;  and (iii) does not include an attorney's general administrative supervision of a Party's general legal matters, including patent matters, provided that such attorney is not licensed to prosecute patents before the Patent Office.  This Prosecution Bar shall begin when access to HIGHLY SENSITIVE MATERIAL is first received by the affected individual and shall end one (1) year after final termination of this action, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" preventing the disclosure of, or access to HIGHLY SENSITIVE MATERIAL to, from, or by any individuals subject to this Prosecution Bar.  Upon implementing the Ethical Wall, each Party shall provide the other with written confirmation regarding the existence and details of the Ethical Wall, including  any physical or technological screens which have been implemented to restrict access to the other Party's HIGHLY SENSITIVE MATERIAL.

11.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege,

---

[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

12.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

13.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her

employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

14.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED - ATTORNEY' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

15.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER"

9

above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

16.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

17.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this

Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

19.   To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20.   To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or give by such documents, information or other material, in whole or in part, produced or give by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

21.   Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing

Party's request.

22.   The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

25.   Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26.   Each of the Parties shall also retain the right to file a motion with the Court (a) to modify

this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IT IS SO ORDERED.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**


| | | |
|---|---|---|
| DANCO, INC. | § | |
| | § | |
| v. | § | Civil Action No.: 5:16-CV-00073-JRG-CMC |
| | § | |
| FLUIDMASTER, INC. | § | |


**APPENDIX A**
**UNDERTAKING OF DESIGNATED REPRESENTATIVES, EXPERTS OR**
**CONSULTANTS REGARDINGPROTECTIVE ORDER**

I, _____, declare that:

1.      My address is _____.

        My current employer is _____.

        My current occupation is _____.

2.      I have received a copy of the Protective Order in this action.  I have carefully read and

        understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

        will not disclose to anyone not qualified under the Protective Order, and will use only for

        purposes of this action any information designated as "CONFIDENTIAL" or

        "RESTRICTED -- ATTORNEYS' EYES ONLY" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things

        designated as  "CONFIDENTIAL or "RESTRICTED -- ATTORNEYS' EYES ONLY"

        that came into my possession, and all documents and things that I have prepared relating

        thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _