IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DANCO, INC. | § | |
|     **Plaintiff** | § | |
| | § | |
| V. | § | No. 5:16CV73-JRG-CMC |
| | § | |
| FLUIDMASTER, INC. | § | |
|     **Defendant** | § | |

### ORDER

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The following pending motion is before the Court: **Joint Motion for Entry of Proposed Protective Order (Docket Entry # 54)**. The Court, having reviewed the motion, is of the opinion the motion should be **GRANTED**, **with conditions contained herein.**

### BACKGROUND

The parties have met and conferred regarding a proposed protective order and jointly move for entry of the proposal attached as Exhibit A to their motion upon resolution of the one provision on which the parties have been unable to reach agreement, the scope of the patent prosecution bar provision.

The parties agree a prosecution bar is appropriate, but they dispute whether the bar should prohibit any individual who receives HIGHLY SENSITIVE MATERIAL from participating in the defense of an *inter partes* review proceeding ("IPR") or *ex parte* reexamination before the U.S. Patent & Trademark Office ("PTO"). Fluidmaster seeks a complete bar that would prohibit any individual who receives such highly sensitive material from any participation in an IPR. Danco

proposes a limited bar that "would allow Danco's litigation counsel to participate to a limited extent in an IPR, so long as litigation counsel is prohibited from any participation in the amending or drafting of claims." (Docket Entry # 54-2 at pg. 1).

Fluidmaster emphasizes the parties are direct competitors and asserts claims may be restructured in reexamination. Although Fluidmaster acknowledges patent claims cannot be broadened in reexamination, Fluidmaster asserts a patent owner whose litigation counsel has access to its confidential information may "well choose to restructure claims in a manner informed by the alleged infringer's confidential information gleaned from litigation." (Docket Entry # 54-3 at pg. 5). According to Fluidmaster, safeguards would not be sufficient protection here; access to confidential information could still provide a tactical advantage to Danco "in its effort in reexamination to navigate between prior art and its infringement claims." *Id*. at pg. 6. Fluidmaster contends the risk of injury to Fluidmaster by inadvertent use of confidential information outweighs any potential prejudice its prosecution bar would cause to Danco.

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(c)(1) provides that "for good cause" the Court may enter any order which justice so requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including limiting the scope of disclosure or discovery to certain matters and requiring that a trade secret or other confidential, research, development, or commercial information not be revealed or be revealed only in a specified way. While protective orders are not limited to patent cases, prosecution bars are unique to this field of law, so Federal Circuit law, rather than Fifth Circuit law, applies. *Affinity Labs of Texas, LLC v. Samsung Elecs. Co.*, No. 1:12CV557, 2013 WL 12138892, at *1 (E.D. Tex. Nov. 18, 2013) (citing *In re Deutsche Bank*

*Trust Co. Am.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010)).

The party seeking a prosecution bar must first show "that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *In re Deutsche Bank*, 605 F.3d at 1381. When the parties agree to the implementation of a protective order but disagree on specific terms, the party seeking to limit discovery shoulders the burden of establishing that good cause exists for the protection of that information. *See Document Generation Corp. v. Allscripts, LLC*, No. 6:08-CV-479, 2009 WL 1766096, at *2 (E.D. Tex. June 23, 2009).

Because Fluidmaster is seeking the more restrictive provision, it carries "the burden of showing good cause for its issuance." *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). In this context, a showing of good cause requires "a clearly defined and serious injury to the party seeking closure." *Document Generation*, 2009 WL 1766096, at *2 (citation omitted).

## DISCUSSION

Fluidmaster argues that, without its complete prosecution bar, Danco could use confidential information obtained in the litigation to draft patent claims or inform statements to the PTO in reexamination to Fluidmaster's detriment. Courts in this district have repeatedly rejected Fluidmaster's argument because claims can only be narrowed in reexamination, and thus there is no risk of broadening the claims to read on Fluidmaster's products. *See Mirror Worlds, LLC v. Apple, Inc.*, No. 08-cv-88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009)(Davis, J)(noting risk was "already greatly limited" because claims "cannot be broadened" in reexamination); *see also GeoTag v. Frontier Commn's Corp., et al.*, No. 2:10-cv-570 (Docket Entry # 582 at pg. 11) (Schneider, J.)

("Defendants' concern about the use of its highly sensitive information in reexamination is undercut by the fact that claims can only be narrowed, not broadened, during reexamination.").

In *Mirror Worlds* and *GeoTag*, the court noted it was unlikely that the plaintiffs would narrow claims to capture a single defendant's products and risk losing protection against other possible infringers. *Mirror Worlds*, 2009 WL 2461808, at 2; *GeoTag*, Slip-Op at 11. In both cases, the court allowed the plaintiff's counsel to participate in reexamination because of additional protections that prevented misuse of confidential information. *See Mirror Worlds*, 2009 WL 2461808, at *1; *GeoTag*, Slip-Op at 11. The limitations were that the plaintiff's outside counsel would not prosecute the reexamination, would not reveal the defendants' confidential information to any reexamination counsel or agent, and would not use any of the defendants' confidential information for any purpose other than the litigation. *See Mirror Worlds, LLC*, 2009 WL 2461808, at *1; *GeoTag*, Slip-Op. at 11.

Danco's proposed prosecution bar expressly prohibits litigation counsel from any participation in the amending or drafting of claims.  To the extent Danco's proposal does not already make clear that litigation counsel shall not use or reveal confidential information when providing advice relating to the reexaminations or use Fluidmaster's confidential information for any purposes other than the litigation, the parties shall include such additional safeguards in the final proposal. These safeguards address any perceived risks that Fluidmaster's confidential information could inform competitive decision-making. With these safeguards, any risk of inadvertent use or disclosure of Fluidmaster's highly sensitive material does not outweigh the burden of requiring Danco to obtain separate counsel for reexamination.

## CONCLUSION

Accordingly, it is

**ORDERED** the Joint Motion for Entry of Proposed Protective Order (Docket Entry # 54) is **GRANTED**, with conditions contained herein. It is further

**ORDERED** the parties shall submit to the Court a revised proposed protective order incorporating the rulings discussed above within ten (10) days from the date of entry of this order.

**SIGNED this 28th day of March, 2017.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE