UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DANCO, INC.<br><br>Plaintiff,<br><br>vs.<br><br>FLUIDMASTER, INC.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>5:15-CV-0073-JRG-CMC |

**DEFENDANT FLUIDMASTER, INC.'S**
**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Fluidmaster, Inc. ("Fluidmaster"), by its attorneys of record, responds to the allegations of the First Amended Complaint for Patent Infringement ("Complaint") filed in this action by Plaintiff Danco, Inc. ("Danco" or "Plaintiff") on November 30, 2016, as follows:

NATURE AND BASIS OF THE ACTION

1. Fluidmaster admits that the Complaint purports to state a claim for patent infringement under the laws of the United States, and in particular 35 U.S.C. §§ 1, *et seq*. Fluidmaster denies all of the remaining allegations in Paragraph 1, including any allegation that Fluidmaster has infringed any asserted patent.

2. Fluidmaster lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Fluidmaster lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. Fluidmaster admits that it manufactures toilet repair parts for the plumbing industry. Fluidmaster denies all of the remaining allegations in Paragraph 4.

5. Fluidmaster admits that it has manufactured and sold the DUO FLUSH

product through retailers such as Home Depot and Lowe's. Fluidmaster denies all of the remaining allegations in Paragraph 5.

6. Fluidmaster denies all of the allegations in Paragraph 6, except that Fluidmaster admits that, in the Complaint, Danco seeks a preliminary injunction, a permanent injunction, and monetary damages.

THE PARTIES

7. Fluidmaster lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8. Fluidmaster admits that it is a California corporation with a place of business located at 30800 Rancho Viejo Rd, San Juan Capistrano, CA 92675. Fluidmaster also admits that Stephen Dixon is a Registered Agent of Fluidmaster. Fluidmaster denies all of the remaining allegations in Paragraph 8.

JURISDICTION AND VENUE

9. Fluidmaster admits that the Complaint purports to state a claim for patent infringement under the laws of the United States, and in particular 35 U.S.C. §§ 1, et seq. Fluidmaster denies all of the remaining allegations in Paragraph 9, including any allegation that Fluidmaster has infringed any asserted patent.

10. At this time, Fluidmaster does not contest this Court's subject matter jurisdiction over Danco's claims. Fluidmaster denies the remaining allegations in Paragraph 10.

11. Fluidmaster does not contest that the Court has personal jurisdiction over it. Fluidmaster denies the remaining allegations in Paragraph 11.

12. Fluidmaster denies the allegations in Paragraph 12. Fluidmaster will file a Motion to Dismiss or in the Alternative, Transfer Venue.

FACTUAL BACKGROUND

Danco and Its Patent Rights

13. Fluidmaster lacks knowledge or information to form a belief as to the truth

of the allegations in Paragraph 13 and therefore denies the same.

14. Fluidmaster lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15. Fluidmaster lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16. Fluidmaster lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Fluidmaster admits that a copy of the ’620 Patent, entitled “Adaption of Flush Valve for Dual Flush Capacity,” appears to be attached to the Complaint as Exhibit A, and that the face of the patent indicates that it issued on February 3, 2015. Fluidmaster denies the remainder of the allegations in Paragraph 17, including that the ’620 Patent was duly and legally issued.

18. Fluidmaster admits that a copy of the ’687 Patent, entitled “Adaption of Flush Valve for Dual Flush Capacity,” appears to be attached to the Complaint as Exhibit B, and that the face of the patent indicates that it issued on November 15, 2015. Fluidmaster denies the remainder of the allegations in Paragraph 18, including that the ’687 Patent was duly and legally issued.

19. Fluidmaster lacks knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

<u>Fluidmaster’s Alleged Infringing Products</u>

20. Fluidmaster admits that it offers for sale and sells the DUO FLUSH product. Fluidmaster denies the remainder of the allegations in Paragraph 20.

21. Fluidmaster admits that the DUO FLUSH product has been available for sale through various retailers such as Home Depot and Lowe’s, and that archived copies of web pages from the Home Depot and Lowe’s web sites dated June 9, 2016, appear to be attached to the Complaint as Exhibit C. Fluidmaster denies the remainder of the allegations in Paragraph 21.

22. Fluidmaster admits that a copy of advertising materials for the DUO FLUSH product appears to be attached to the Complaint as Exhibit D, and that such materials include the quoted portion of Paragraph 22. Fluidmaster denies the remainder of the allegations in Paragraph 22.

23. Fluidmaster denies the allegations in Paragraph 23.

24. Fluidmaster denies the allegations in Paragraph 24.

COUNT I – ALLEGED INFRINGEMENT OF THE ’620 PATENT

25. Fluidmaster incorporates by reference its responses to Paragraphs 1-24 as if fully stated herein.

26. Fluidmaster denies the allegations in Paragraph 26.

27. Fluidmaster admits that a copy of a claim chart appears to be attached to the Complaint as Exhibit E. Fluidmaster denies the remainder of the allegations in Paragraph 27, as well as those contained in Exhibit E, including any allegation that Fluidmaster has infringed the ’620 Patent.

28. Fluidmaster denies the allegations in Paragraph 28.

29. Fluidmaster denies the allegations in Paragraph 29.

30. Fluidmaster denies the allegations in Paragraph 30.

31. Fluidmaster denies the allegations in Paragraph 31.

32. Fluidmaster denies the allegations in Paragraph 32.

33. Fluidmaster denies the allegations in Paragraph 33.

COUNT II – ALLEGED INFRINGEMENT OF THE ’687 PATENT

34. Fluidmaster incorporates by reference its responses to Paragraphs 1-33 as if fully stated herein.

35. Fluidmaster denies the allegations in Paragraph 35.

36. Fluidmaster admits that a copy of a claim chart appears to be attached to the Complaint as Exhibit F. Fluidmaster denies the remainder of the allegations in Paragraph 36, as well as those contained in Exhibit F, including any allegation that

Fluidmaster has infringed the ‘687 Patent.

37. Fluidmaster denies the allegations in Paragraph 37.

38. Fluidmaster denies the allegations in Paragraph 38.

39. Fluidmaster denies the allegations in Paragraph 39.

40. Fluidmaster denies the allegations in Paragraph 40.

41. Fluidmaster denies the allegations in Paragraph 41.

42. Fluidmaster denies the allegations in Paragraph 42.

ANSWER TO PRAYER FOR RELIEF

Fluidmaster incorporates by reference its responses to Paragraphs 1-42 of the Complaint and denies that Danco is entitled to any relief requested in Paragraphs (A)-(I) of Danco’s Prayer for Relief.

ANSWER TO DEMAND FOR TRIAL BY JURY

Fluidmaster admits that Danco has requested a trial by jury.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Fluidmaster asserts the following defenses to the causes of action asserted in the Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law:

FIRST DEFENSE
(No Infringement)

1. Fluidmaster has not and does not infringe, willfully or otherwise, any valid and enforceable claim of the ’620 or ’687 Patents, either literally or under the doctrine of equivalents.

SECOND DEFENSE
(Invalidity, Unenforceability)

2. The ’620 and ’687 Patents, and each claim thereof, are invalid and/or unenforceable for failing to comply with one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112,

and/or 282. For example, and without limitation, at least claim 1 of the ’620 Patent is anticipated by the Lab B228 Fluidmaster 550A01B dual flush valve (the “LAB device”), which was on sale and sold prior to the critical date of the ’620 Patent; and at least claim 1 of the ’687 Patent is obvious over the LAB device in view of U.S. Patent No. 5,864,893.

3. The ’620 and ’687 Patents are unenforceable because Danco has misused these patents by attempting to enforce them despite knowing that they are invalid and/or not infringed.

THIRD DEFENSE
(Notice, Damages, and Costs)

4. Pursuant to 35 U.S.C. § 286, any recovery by Danco is limited to any alleged infringement that occurred no more than six years prior to the filing of its Complaint against Fluidmaster.

5. To the extent Danco failed to comply with the notice provisions of 35 U.S.C. § 287, Danco may not recover damages for alleged infringement of the ’620 and ’687 Patents committed prior to the filing of its Complaint against Fluidmaster.

6. Danco is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

FOURTH DEFENSE
(Not an Exceptional Case)

7. Danco cannot prove that this is an exceptional case justifying an award of attorney fees against Fluidmaster pursuant to 35 U.S.C. § 285.

FIFTH DEFENSE
(No Injunctive Relief)

8. Danco is not entitled to injunctive relief because, among other reasons, any alleged injury to Danco is not immediate or irreparable, and Danco has an adequate remedy at law.

SIXTH DEFENSE
(Improper Venue)

9. Danco is barred from pursuing its claims in the Eastern District of Texas because venue is improper, and the First Amended Complaint, and each purported claim contained therein, with respect to Fluidmaster should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue. Pursuant to 28 U.S.C. § 1400(b), venue in the United States District Court for the Eastern District of Texas is improper, as Fluidmaster neither resides, nor has committed acts of infringement and has a regular and established place of business in the Eastern District of Texas. Pursuant to *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. __ (2017), Danco's suit for patent infringement cannot be brought against Fluidmaster in the Eastern District of Texas.

Respectfully submitted,

Dated June 2, 2017

*s/Richard P. Sybert*

E. Glenn Thames, Jr.
glennthames@potterminton.com
POTTER MINTON, APC
110 North College, Suite 500
Tyler, Texas 75702
Telephone: 903-597-8311
Fax: 903-593-0846

Richard P. Sybert
(Cal. Bar # 80731 Admitted Pro Hac Vice)
rsybert@gordonrees.com
Reid E. Dammann
(Cal Bar # 249031 Admitted Pro Hac Vice)
rdammann@gordonrees.com
Sean D. Flaherty
(Cal. Bar # 272598 Admitted Pro Hac Vice)
sflaherty@gordonrees.com
Robert L. Horn
(Texas Bar # 24046107)
rhorn@gordonrees.com
GORDON & REES LLP

101 W. Broadway, Suite 2000
San Diego, California 92101
Phone: (619) 696-6700
Fax: (619) 696-7124

*Counsel for Defendant Fluidmaster, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was electronically filed with the Clerk of the United States District Court for the Eastern District of Texas by using the CM/ECF system, which will send a Notice of Electronic Filing, and served upon all parties in accord with Local Rule CV-5(a)(3).

Executed on this 2nd day of June, 2017.

/s/ Maria Gonzalez
Maria Gonzalez

1132294/32987170v.1