**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| DANCO, INC., <br><br>       Plaintiff, <br><br> v. <br><br> FLUIDMASTER, INC., <br><br>       Defendant. | Civil Action No.: 5:16-CV-00073-JRG-CMC |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

In accordance with the Third Amended Docket Control Order [Docket Entry #70] and P.R. 4-3 the parties hereby submit their Joint Claim Construction & Prehearing Statement for asserted U.S. Patent Nos. 8,943,620 ("the '620 Patent") and 9,181,687 ("the '687 Patent").

**1.      P.R. 4-3(a): The Construction of Those Claim Terms, Phrases or Clauses on Which the Parties Agree**

The parties have meet and conferred, and they agree on the construction of the following terms, phrases or clauses, to the extent the Court determines that the terms can and should be construed:

| '620 Patent ||
|---|---|
| **Claim term, phrase or clause** | **Agreed Construction** |
| "flush mechanism" | Plain and ordinary meaning. |
| "predefined flush capability" | Plain and ordinary meaning. |
| "between" | Plain and ordinary meaning. |
| "flush orifice" | Plain and ordinary meaning. |
| "sealing member" | Plain and ordinary meaning. |
| "seat a sealing member" | Plain and ordinary meaning. |
| "in contact with the flush orifice" | Plain and ordinary meaning. |

| '687 Patent ||
|---|---|
| **Claim term, phrase or clause** | **Agreed Construction** |
| "extending beyond the flange" | Plain and ordinary meaning. |
| "flush valve opening" | Plain and ordinary meaning. |

| | |
|---|---|
| "sealing material" | Plain and ordinary meaning. |
| "lip" | Plain and ordinary meaning. |
| "engage a lip" | Plain and ordinary meaning. |
| "support legs" | Plain and ordinary meaning. |
| "mating ears" | Plain and ordinary meaning. |
| "annular groove" | Plain and ordinary meaning. |
| "to provide structural support" | Plain and ordinary meaning. |
| "extending between" | Plain and ordinary meaning. |

2. **P.R. 4-3(b): Each Party's Proposed Construction of each Disputed Claim Term, Phrase, or Clause, and Identification of Intrinsic and Extrinsic Evidence**

Following the meet and confer process prescribed by Patent L.R. 4-2, the following claim terms, phrases, or clauses remain in dispute:

a. **'620 Patent**

(1) "detachably attached"

(2) "flush valve"

(3) "dual flush canister"

(4) "gasket"

(5) "detachably attached to the flush mechanism"

(6) "adaptor"

(7) "rotatably coupled"

(8) "actuator"

b. **'687 Patent**

(1) "dual flush canister"

(2) "flush valve"

(3) "mate"

(4) "configured to mate"

(5) "adapter"

  (6) "flush opening"

  (7) "basket structure"

  (8) "first end"

  (9) "second end"

  (10) "configured to mate to a flush valve opening"

  (11) "mounting extension"

  (12) "couple to the dual flush canister"

  (13) "tabs"

  (14) "tabs extending inward"

  (15) "adapter flush opening of a flush valve adapter"

  (16) "circular support structure"

  (17) "a flush opening configured to mate to a basket structure"

  (18) "a mounting extension extending beyond the flange and configured to mate with an inside surface of the flush opening"

  (19) "the first end being configured to couple to a dual flush canister"

  (20) "the plurality of tabs being configured to engage a lip of a flush opening of a flush valve previously installed in the toilet"

  (21) "a circular support structure configured to align the dual flush canister with the dual flush opening"

  The parties' proposed constructions for each of the disputed terms are listed in Exhibits A (for Plaintiff Danco) and B (for Defendant Fluidmaster), respectively, along with an identification of (1) all references from the specification and/or prosecution history supporting their constructions, and (2) extrinsic evidence currently known to the parties on which they intend to rely to support their own constructions and/or oppose the opposing party's proposed

constructions, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

**3.     The Anticipated Length of Time Necessary for the Claim Construction Hearing**

The parties anticipate that the time necessary for a Claim Construction Hearing will be approximately one half day, as scheduled for August 15, 2017.  *See* Docket Entry #70 at p. 2. Defendant intends on providing a presentation which may include a tutorial on the relevant technology and its positions on claim construction

**4.     Proposed Witness Testimony at the Claim Construction Hearing**

a.     Plaintiff:  In its P.R. 4-2 disclosure, Danco identified Chad Jones as an expert witness who will testify on issues of claim construction.  Mr. Jones is expected to testify – either live or by deposition and/or declaration – regarding his background in product design and manufacturing, including design and manufacturing in the plumbing industry, and designing, developing, and manufacturing consumer and industrial products.  As identified in Exhibit A hereto, Mr. Jones is expected to testify that certain identified claim terms/phrases of the '620 and '687 Patents need no construction and are able to be understood in the context of their plain and ordinary meaning, without such further construction, to one of ordinary skill in the art at the time of the filing of the applications to which the '620 and '687 Patents claim priority or from which they issued.  Mr. Jones is expected to testify as to the plain and ordinary meaning of these claim terms/phrases as understood by a person of ordinary skill in the art.  As further identified in Exhibit A hereto, Mr. Jones is expected to testify as to the meanings of certain other identified claim terms/phrases as understood by one of ordinary skill in the art at the time of the filing of the applications to which the '620 and '687 Patents claim priority or from which they issued, in view of the relevant intrinsic and extrinsic evidence.  As further identified in Exhibit A hereto,

Mr. Jones is further expected to testify as to the '687 Patent's disclosure, for certain identified claim terms/phrases that Fluidmaster contends should be governed by pre-AIA 35 U.S.C. § 112(6) / AIA 35 U.S.C. § 112(f), of sufficient structure(s) to perform any specified function(s) of such terms/phrases, to the extent the Court determines that they should be governed by § 112(6).  To the extent Fluidmaster relies on expert testimony to support its proposed construction of certain identified phrases, Danco reserves the right to proffer responsive expert testimony including, but not limited to, testimony and context to this claim phrase to provide the Court with an understanding of the subject matter, testimony that rebuts Fluidmaster's proposed construction of this phrase, and testimony relevant to Danco's proposed construction of the phrase from the perspective of a person of ordinary skill in the art.  Insofar as Defendant Lavelle's March 28, 2017 "Invalidity Contentions" did not identify specific disclosures of invalidity for discrete terms/phrases based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1), Danco contends that attempts by Lavelle to raise indefiniteness or enablement issues in the claim construction process or at the *Markman* hearing are therefore untimely.  To the extent that any such grounds are subject to Defendant Lavelle's pending motion for leave to amend its invalidity contentions, which motion was filed today, when, and if, any such relief is granted to Lavelle to amend its invalidity contentions, Danco will amend its disclosure herein to provide a preliminary identification of any additional intrinsic or extrinsic evidence (including expert testimony) upon which it intends to rely in response to any subsequently-allowed indefiniteness challenge(s).

      b.      <u>Defendant</u>:  At this time, Defendant does not intend to call any live witnesses at the claim construction hearing, but reserve the right to do so should Plaintiff call the same. As set forth in Exhibit B, Defendant may rely on expert testimony, including one or more expert declarations,

in support of certain of their positions and/or constructions set forth in their Responsive Claim Construction Brief. Defendant may also rely on expert testimony to rebut any expert testimony submitted by Plaintiff in its Opening Claim Construction Brief or Reply Brief. Such expert testimony and declarations may include an expert declaration from Dr. Richard W. Klopp, Ph.D., P.E., Principal Engineer of Exponent Engineering and Scientific Consulting, any expert declaration supporting arguments contained in Defendant's Responsive Claim Construction Brief (including those regarding alleged indefiniteness) shall be disclosed to Plaintiff no later than the filing of that brief. To the extent that Plaintiff's Reply Claim Construction Brief relies on an expert declaration to rebut Defendant's indefiniteness allegations, Defendant shall file with their Sur-Reply Claim Construction Brief any additional expert declaration supporting their indefiniteness arguments.[1]

**5.    A List of Any Other Issues to be Taken Up at a Prehearing Conference Prior to the Claim Construction Hearing**

At this time, the parties have not identified any issues which may appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing.

Respectfully submitted, this 9th day of June, 2017, by:

| | |
|---|---|
| */s/ Eric G. Maurer* | */s/ Reid Dammann* (w/ permission) |
| Geoff Culbertson | E. Glenn Thames, Jr. |
| Texas Bar No. 24045732 | glennthames@potterminton.com |
| PATTON TIDWELL & CULBERTSON LLP | POTTER MINTON, APC |
| 2800 Texas Boulevard | 110 North College, Suite 500 |
| Texarkana, Texas 75503 | Tyler, Texas 75702 |
| Telephone: (903) 792-7080 | Telephone: 903-597-8311 |
| Facsimile: (903) 792-8233 | Fax: 903-593-0846 |
| *gpc@texarkanalaw.com* | |
| | Richard P. Sybert |
| | (Cal. Bar # 80731 Admitted Pro Hac Vice) |

---

[1] Danco contends that neither the Court's Local Patent Rules [P.R. 4-5] nor the governing Third Amended Docket Control Order [Dkt. No. 70] in this case provide for a "Sur-reply Claim Construction Brief."

Eric G. Maurer
Georgia Bar No. 478199
Scott P. Amy
Georgia Bar No. 141416
THOMAS HORSTEMEYER LLP
400 Interstate North Parkway SE, Suite 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

*eric.maurer@thomashorstemeyer.com*
*cynthia.lee@thomashorstemeyer.com*
*scott.amy@thomashorstemeyer.com*

*Counsel for Plaintiff Danco, Inc.*

rsybert@gordonrees.com
Reid E. Dammann
(Cal Bar # 249031 Admitted Pro Hac Vice)
rdammann@gordonrees.com
Sean D. Flaherty
(Cal. Bar # 272598 Admitted Pro Hac Vice)
sflaherty@gordonrees.com
Robert L. Horn
(Texas Bar # 24046107)
rhorn@gordonrees.com
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
Phone: (619) 696-6700
Fax: (619) 696-7124

*Counsel for Defendant Fluidmaster, Inc.*