**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| DANCO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FLUIDMASTER, INC.,<br><br>Defendant. | Civil Action No.: 5:16-CV-07348-JRG-CMC |

**DANCO, INC.'S RESPONSE IN OPPOSITION TO FLUIDMASTER, INC.'S**
**MOTION TO AMEND INVALIDITY CONTENTIONS OUT-OF-TIME**

Defendant Fluidmaster, Inc. ("Fluidmaster") admits that nothing more than its own lack of diligence resulted in its failure to include certain invalidity arguments in its timely-filed Invalidity Contentions (Docket Entry # 71 at 4 ("In reviewing the Asserted Patents and their prosecution history, … new counsel detected various additional inadequacies …")). Of course, the "Asserted Patents" have been in Fluidmaster's possession since at least the day on which the Complaint was first served, and Plaintiff Danco, Inc. ("Danco") produced the prosecution history for the respective Asserted Patents to Fluidmaster more than six months ago and more than two months before its invalidity contentions were due.

Despite numerous cases in this District finding that a lack of diligence cannot provide good cause to amend invalidity contentions, Fluidmaster seeks to cast aside the requirements of the Court's Patent Rules and the Court's deadlines set forth in the original Agreed Docket Control Order and now enlarge its P.R. 3-3 invalidity contention disclosures three full months beyond the deadline. Fluidmaster contends that its untimely request for amendment should be allowed because it alleges it has nevertheless been diligent, the new arguments are somehow important, and Danco will not be prejudiced by the delay and the progress of this case into claim construction. Each of Fluidmaster's assertions is incorrect.

By Fluidmaster's own admission, the new arguments asserted in the invalidity contentions rely on nothing more than the asserted patents and associated file histories. Accordingly, Fluidmaster could, and should, have asserted these arguments in its Invalidity Contentions served by the Court's prescribed deadline for such disclosures (March 28, 2017). Fluidmaster also makes nothing more than conclusory allegations that its new arguments are important. Specifically, Fluidmaster asserts that if its new theories are successful, "nearly all claims in each of the '620 Patent [sic] '687 Patent would be invalid." By admitting that its new

theories do not apply to all claims and failing to identify and describe which claims the theories apply to and why they are important, Fluidmaster has merely made "zealous argument" with no substantive proof regarding the importance of the proposed amendments. *Innovative Display Techs. LLC v. Acer Inc., et al.*, No. 2:13cv00522-JRG, 2014 WL 2796555, *2 (E.D. Tex. June 19, 2014). Finally, Fluidmaster fails to identify any meritorious good cause for attempting to materially change its invalidity contentions at this point in the case, after the claim construction process also prescribed by Agreed Docket Control Order had already commenced. For all of these reasons, Fluidmaster's motion should be denied.

Contrary to Fluidmaster's mischaracterization of the procedural posture of this case, the parties are in the midst of the claim construction process, having already exchanged proposed terms for construction by the Court, preliminary constructions of identified terms, identifications of extrinsic evidence to be relied upon in briefing the parties' claim construction positions, and a Joint Claim Construction Statement. Claim construction briefing is imminent, to begin in three weeks, with the *Markman* hearing set shortly thereafter. Fact discovery is underway and closes in December. Document discovery has been underway pursuant to paragraphs 1 and 3 of the Discovery Order, and the parties have undertaken additional fact discovery though interrogatories and subpoenas for claim construction expert depositions and related documents.

Now, Fluidmaster seeks to ignore the Court's established deadlines and undo the claim construction and disclosure work done to date, which would necessarily have to be re-done were Fluidmaster allowed to alter and expand its invalidity positions at this late date. In view of Fluidmaster having shown no good cause for such delay or a legitimate excuse for its lack of diligence, the ensuing prejudice to Danco, and unnecessary complication of the case schedule, Fluidmaster's motion should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Danco's Infringement Allegations and Contentions

Danco filed this case on June 10, 2016. (*See* Docket Entry # 1). As an exhibit to the complaint, Danco included preliminary claim charts, specifically identifying how Fluidmaster's accused products met the limitations of all asserted claims of the straightforward '620 and '687 patents for adaptations of a toilet flush valve for dual flush capability. (*See* Docket Entries # 1-6 & 1-7). On November 14, 2016, after seeking and obtaining two extensions to respond, Fluidmaster filed its Answer and Affirmative Defenses, including the affirmative defense that the '620 and '687 patents "are invalid and/or unenforceable for failing to comply with one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, *35 U.S.C.* §§ 101, 102, 103, *112*, and/or 282." (Docket Entry # 10 at 6 (emphasis added)).[1]

In accordance with the Court's Docket Control Order and P.R. 3-1, Danco timely served its "Disclosure of Asserted Claims and Infringement Contentions" on Fluidmaster on January 17, 2017. (*See* Declaration of Eric Maurer, attached hereto as Exhibit A, at ¶¶ 2-3).

### B. Fluidmaster's Invalidity Allegations and Contentions

The next week, on January 26, 2017, Fluidmaster filed a 52-page Petition for *Inter Partes* Review ("IPR") with the Patent Trial and Appeal Board, contending that the asserted claims of the '620 Patent should be canceled as invalid. (Docket Entry # 71-2 at 95-152). Another three weeks later on February 16, 2017, Fluidmaster filed a second, 62-page IPR Petition contending that the asserted claims of the '687 Patent should also be found invalid. (*Id.* at 154-221).

---

[1] As Rule 11 provides that an attorney's signature on any paper filed with this court is a certification as to the merits of those documents, there is an obligation on all attorneys to 'conduct a reasonable investigation of the factual and legal basis for his claim before filing.' *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)." *Aggarwal v. Sikka*, Civil Action No. 1:12cv60 (TSE/TRJ), 2013 U.S. Dist. LEXIS 160422, at *24 (E.D. Va. Nov. 7, 2013).

On March 28, 2017, more than four months after asserting its affirmative defense of invalidity and unenforceability, Fluidmaster served its 217-page P.R. 3-3 Invalidity Contentions setting forth Fluidmaster's required bases for its affirmative defense that the '620 and '687 patents are invalid. (*See* Ex. A at ¶ 5). Included in Fluidmaster's invalidity contentions was a section directed to P.R. 3-3(d)'s requirement that Fluidmaster identify "*[a]ny* grounds of invalidity based on indefiniteness under 35 U.S.C. 112(2) or enablement or written description under 35 U.S.C. 112(1) of any of the asserted claims." (Ex. A at ¶ 6 and Ex. 4, p. 12) (emphasis added)). The entirety of Fluidmaster's required identification of indefiniteness and written description/enablement invalidity grounds was the single contention directed at claim 22 of the '620 patent, as follows:

> Fluidmaster contends that at least claim 22 of the '620 Patent is invalid for being indefinite and/or lacking enablement, as the terms "actuator" and "trigger" are found nowhere in the patent specification, and the drawings do not illustrate an actuator or trigger mechanism. Nowhere does the '620 Patent identify or illustrate a step of installing an actuator to trigger the operation of a dual flush canister.

(*Id.*). Importantly, Danco has never amended nor has sought to amend its original January 2017 infringement contentions disclosure. (Ex. A at ¶ 4).

On April 24, 2017, the parties began the claim construction process by exchanging their respective P.R. 4-1 "Proposed Terms and Claim Elements for Construction," as required by the Court's Docket Control Order and April 14, 2017 Order (Docket Control # 60). (*See* Ex. A at ¶¶ 7-8). In its P.R. 4-1 disclosures, Danco identified three discrete claims terms for construction by the Court, two of which appear in the asserted claims of both the '620 and '687 Patents, for a total of five identified terms. (Ex. A at Ex. 9, p. 2). In contrast, Fluidmaster contended that 41 terms of the asserted claims need to be construed by the Court, and identified an additional 17 claims phrases that it claimed should be governed by U.S.C. § 112(6). (Ex. A at Ex. 10, pp. 2-6).

### C. Lavelle's Attempt to Amend Its Invalidity Contentions Out-of-Time

A week after the parties' P.R. 4-1 claim construction exchange, on May 1, 2017—more than one month after the deadline for its P.R. 3-3 disclosures and more than five months after the assertion via affirmative defense that the '620 and '687 patents were invalid—Fluidmaster first revealed to Danco its proposed "amended invalidity contentions." (*See* Ex. A at ¶ 9; Docket Entry # 71-4). Fluidmaster's revelation consisted of an e-mail with the proposed amended contentions, characterized by Fluidmaster trivially as "[b]esides formatting and updating the title of the documents, Fluidmaster has only modified/supplemented the indefiniteness and enablement contentions found in Section II.D," and a naked query as to whether Danco would oppose a motion for leave to amend. (*Id.*; Ex. A at ¶ 9).[2]

However, Fluidmaster's proposed amended invalidity contentions, in fact, added no less than 18 additional theretofore undisclosed grounds for invalidity of the asserted claims due to alleged indefiniteness under 35 U.S.C. 112(2), thereby increasing by 1800% the number of indefiniteness-based invalidity contentions. (*See* Ex. A at ¶ 9). Not until the next day did Fluidmaster provide Danco with an actual redline document showing Fluidmaster's proposed revisions to its contentions, as requested by Danco. (Ex. A at ¶ 10; Docket Entry # 71-3 at 13-17 (redline showing proposed revisions to Fluidmaster's indefiniteness contentions)).

The parties eventually conducted a teleconference on May 4, wherein Fluidmaster first purported to proffer its "good cause" justification for seeking leave to amend. (Ex. A at ¶ 12). Having now heard Fluidmaster's attempt at explaining its rationale for the first time, Danco's counsel proceeded to necessarily confer with its client as to Fluidmaster's intentions and any

---

[2] Fluidmaster did not provide Danco with a proposed motion for leave to amend setting forth any "good cause" for attempting to amend its invalidity contentions out-of-time, even though it acknowledged that it was required to seek and obtain leave of Court for its attempt to amend its contentions out-of-time. (Ex. A at ¶ 11).

opposition thereto.[3] (*Id.*). Danco thereafter informed Fluidmaster that Danco would be amenable to discussing a potential resolution of opposition to the motion were Fluidmaster willing to consider limiting its list of 41 proposed claim terms for construction, which list implicated the 18 new indefiniteness grounds Fluidmaster sought to add to its invalidity contentions. (*Id.*; Docket Entry #71-5 at 7-8 (May 8, 2017 email at 7:32 a.m. to S. Flaherty)).

Fluidmaster's initial response included a non-specific response that "we may able to propose a few terms for withdrawal." (Docket Entry #71-5 at 7 (May 8, 2017 email at 3:44 p.m. from Fluidmaster's counsel (opening sentence not highlighted by Fluidmaster))). A week later on May 16, 2017, Fluidmaster's equally vague follow-up response was that it "believe[d] we can reduce proposed terms to 25 or less … (*exclusive of indefiniteness arguments*)." (*Id.* at 4-5) (emphasis added)). Accordingly, on May 17, 2017 Danco confirmed that:

> In view of the parties' respective differences at this point on the number of claim terms proposed to be construed and the substantial number of new invalidity grounds Fluidmaster seeks to add to its invalidity contentions, Danco cannot agree at this juncture not to oppose a motion for leave to amend the contentions.

(*Id.* at 4 (May 17, 2019 email to Fluidmaster counsel at 1:25 p.m. (including portion not highlighted by Fluidmaster))). Having not ever received from Fluidmaster a revised or reduced list of proposed terms for claim construction or indefiniteness contentions, Danco further informed Fluidmaster's counsel, as follows:

> We suggested trying to narrow the collectively proposed terms for construction to 10, in keeping with Judge Craven's standard protocol, as vehicle for trying to reach a compromise on reducing the number of terms such that we would not have to prepare preliminary constructions for all 41 of the terms Fluidmaster has proposed for construction and identifications of structure(s) for the 17 phrases that Fluidmaster contended are subject to § 112(6). *Without seeing from Fluidmaster*

[3] Contrary to Fluidmaster's supporting declaration, Danco's counsel never stated to Fluidmaster that it considered any "operative date" for the requisite motion for leave to be May 1, 2017, or, for that matter, any date other than the date on which Fluidmaster actually elected to seek the required relief.

> *a proposal for narrowing this set of terms/phrases beyond an indication that reducing the general number of terms to 25 was possible but preserving all indefiniteness claims, we have no way of knowing what is Fluidmaster's specific proposal for "reduction in scope" or if that proposal would, indeed, be "substantial." And, today is the first we have heard of Fluidmaster's intention to "withdraw[] the majority of its 112(6) contentions."*
>
> *As a result, we have had to devote our attention and resources to preparing preliminary constructions, identifications of structure, and identifications of extrinsic evidence for all 58 of the terms/phrases currently on the table ….*

(*Id*. at 2 (May 19, 2017 email at 2:29 p.m.to Fluidmaster counsel) (emphasis added)).

Fluidmaster waited another 23 days after Danco confirmed its opposition on May 17, 2017 to file its instant motion for leave to amend its invalidity contentions out-of-time. (*See* Docket Entry # 71, filed June 9, 2017).

**D. The Progress of the Case and Impending Deadlines**

Despite Fluidmaster's repeated attempts here and elsewhere to characterize this case as being in its "infancy," this case has been pending for over a year. So far to date, the parties have completed not only their respective P.R. 3-1 Disclosure of Asserted Claims, P.R. 3-3 Invalidity Contentions, requisite document productions accompanying the disclosures, and P.R. 4-1 Exchange of proposed Terms and Claim Elements for Construction, but they have also disclosed P.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence and have already filed their P.R. 4-3 Joint Claim Construction and Prehearing Statement. (Ex. A at ¶ 13; Docket Entry # 72). Notably, in the Joint Claim Construction statement, Danco expressly objected to Fluidmaster's attempt to improperly raise new indefiniteness arguments out-of-time, either through altering its contentions or under the guise of claim construction:

> Insofar as Defendant [Fluidmaster's] March 28, 2017 "Invalidity Contentions" did not identify specific disclosures of invalidity for discrete terms/phrases based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1), Danco contends that attempts by [Fluidmaster] to raise indefiniteness or enablement issues in the claim construction process or at the

*Markman* hearing are therefore untimely.

(Docket Entry # 72 at 5).

Claim construction discovery closes July 7, 2017, and the P.R. 4-5(a) Opening Claim Construction Brief is due on July 20, 2017. (Docket Entry # 70 at 3). The Claim Construction Hearing is less than two month away. (*Id*. at 2). The parties are also more than halfway through fact discovery, having exchanged documents, propounded interrogatories, served interrogatory responses and issued deposition subpoena. (Ex. A at ¶ 14). Presently, two depositions of claim construction experts are set for the second week in July, with additional depositions to occur before the close of fact discovery on August 15, 2017. (*Id*. at ¶ 15). Thus, this case is already well-developed into the discovery and claim construction processes.

## II. ARGUMENT AND CITATION OF AUTHORITIES

### A. The Court's Governing Rules

"The Local Patent Rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'" *Finisar Corp. v. Directv Group, Inc.*, 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006) (internal citation omitted).

Local Rule P.R. 3-3 requires the parties to serve "invalidity contentions," which must state "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." P.R. 3-3(d). A party's invalidity contentions are "deemed to be that party's final contentions." P.R. 3-6(a); *L.C. Eldridge Sales Co. v. Azen Mfg. Pte*, 2013 U.S. Dist. LEXIS 186309, *5-6 (E.D. Tex. Oct. 11, 2013), citing *Motorola, Inc. v. Analog Devices, Inc.*, No. 1:03-CV-131, 2004 U.S. Dist. LEXIS 31297, 2004 WL 5633735, at *1 (E.D. Tex. Apr. 8, 2004).

After the deadline for serving invalidity contentions has passed, a party may amend its contentions only if (1) the plaintiff amended its infringement contentions or (2) the defendant believes in good faith that the Court's claim construction order so requires. P.R. 3-6(a)(2). Any other amendment "may be made only by order of the Court, which shall be entered *only upon a showing of good cause*." P.R. 3-6(b) (emphasis added).

When evaluating a motion for leave to amend in this context, the Court considers the following factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *L.C. Eldridge*, 2013 U.S. Dist. LEXIS 186309, *5-6, citing *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434, 2009 U.S. Dist. LEXIS 3191, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003).

### B. Fluidmaster Has Not Shown Good Cause for Attempting to Amend Its Invalidity Contentions at this Juncture.

Here, the Court has not issued its claim construction order, which would afford Fluidmaster the opportunity to amend its invalidity contentions only if (1) Danco amended its invalidity contentions or (2) Fluidmaster believed in good faith the Court's order on claim construction requires such amendment. *See* P.R. 3-6(a)(2). Danco has neither amended nor sought leave to amend its Disclosure of Infringement Contentions. Consequently, Fluidmaster can only amend its contentions at this stage by order of the Court upon a showing of good cause.

Fluidmaster's motion fails to identify or set forth any such good cause. The Court should, therefore, deny the motion. *See Danco, Inc. v. Lavelle Industries, Inc.*, Civil Action No. 5:16cv48-CMC, Docket Entry # 103 (E.D. Tex. Mar. 20, 2017) (Craven, J.) ("[O]n balance, the Court find Lavelle has failed to establish good cause to allow the amendment at this time.")

(attached hereto as Ex. B); *Cummins-Allison Corp. v. SBM Co.*, Civil Action No. 9:07-CV-196, 2009 U.S. Dist. LEXIS 22114, at *3 (E.D. Tex. Mar. 19, 2009) (Clark, J.) ("The court finds that Defendants lack 'good cause' and denies their motion to amend their invalidity contentions."); *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 542 (E.D. Tex. 2015) (Clark, J.) ("Not only have Defendants failed to show good cause for leave to amend, the court is firmly convinced the relevant factors weigh heavily in favor of denying the motion. Defendants' Motion for Leave to Amend Invalidity Contentions (Doc. # 100) is DENIED"); *L.C. Eldridge*, 2013 U.S. Dist. LEXIS 186309, at *25 (E.D. Tex. Oct. 11, 2013) (Schneider, J.) (denying defendants' motion for leave to amend invalidity contentions); *Invensys Sys. v. Emerson Elec. Co.*, No. 6:12-CV-799, 2014 U.S. Dist. LEXIS 191717, at *17 (E.D. Tex. Dec. 3, 2014) (Davis, J.) (denying defendants' motion for leave to supplement invalidity contentions); *Innovative Display Techs. LLC v. Acer Inc.*, Civil Action No. 2:13-cv-00522-JRG, 2014 U.S. Dist. LEXIS 83196, at *7 (E.D. Tex. June 19, 2014) (Gilstrap, J.) (denying defendants' motion for leave to amend invalidity contentions).

1. <u>Fluidmaster offers no explanation for its failure to meet the March 28, 2017 deadline for disclosing all of its required invalidity contentions.</u>

Fluidmaster's attempt to inject 18 new grounds of invalidity based on alleged indefiniteness into its P.R. 3-3 invalidity contentions comes more than a month after it was required by Court order to fully disclose its P.R. 3-3 contentions. Fluidmaster offers no justification for its delay, asserting only that in "reviewing the Asserted Patents and their prosecution history, and in formulating and preparing its P.R. 4-1 disclosure, new counsel detected various additional inadequacies in the Asserted Patents with regard to a failure to describe, identify, or enable various claim terms, elements, and limitations." (Docket Entry #71 at 4). Fluidmaster never endeavors to explain exactly what are the specific "inadequacies" it was

unable to discern in the course of developing and submitting its original invalidity contentions.

Fluidmaster does not and cannot assert that the "Asserted Patents and their prosecution history" were unavailable – to either "old" or "new" counsel – at the time that it timely filed its Invalidity Contentions. Nor does Fluidmaster assert that it could not have included its new proposed indefiniteness arguments in its timely Invalidity Contentions. In fact, Fluidmaster's counsel was apparently able enough to sufficiently analyze the '620 and '687 Patents, their prosecution file histories, and any alleged "inadequacies" as to validity so as to be able to (1) file a 52-page Petition for IPR of validity of the '620 Patent within one week after receiving Danco's infringement contentions and (2) file a second, 62-page Petition for IPR contesting validity of the '687 Patent three weeks later. Fluidmaster's deadline for serving its Invalidity Contentions was still more than five weeks away at the time Fluidmaster filed the second of its two IPR petitions challenging the validity of the Asserted Patents.

As such, Fluidmaster has essentially admitted that it was not diligent and merely wants a second bite at the invalidity apple, and has therefore presented no "good cause" justification for its failure to meet the March 28, 2017 deadline for disclosing ***all*** of its invalidity contentions, as required by P.R. 3-3.

2. <u>Fluidmaster's motion does not establish that without the untimely amendment of its contentions Fluidmaster cannot prosecute its invalidity counterclaim and defenses</u>.

Fluidmaster timely served invalidity contentions on March 28, 2017 that totaled another 217 pages of invalidity arguments and analysis of prior art references, wherein Fluidmaster presented numerous alleged invalidity scenarios and detailed the grounds for each. (*See* Ex. A at ¶ 6 and Ex. 4). Fluidmaster now claims that the newly asserted invalidity grounds "are extremely important to Fluidmaster's ability to mount a full defense." (Docket Entry # 71 at p.

8). However, as with the rest of its motion, Fluidmaster offers absolutely no explanation as to how its newfound amended contentions are "extremely important to Fluidmaster's ability to mount a full defense" or why it could not and would not have included "extremely important" invalidity defenses in its original, timely contentions. *See Innovative Display Techs.*, 2014 U.S. Dist. LEXIS 83196, at *6 (Gilstrap, J.) ("Nowhere in their motion did Defendants explain even the subject matter of the four new arts, much less how these arts, if supplemented to the original Infringement Contentions, would render a particular patent invalid. In short, Defendants have wholly failed to persuade the Court of the importance of the amendment.").

Because there is no record evidence or explanation of how and why Fluidmaster's amended invalidity contentions are critical to Fluidmaster's case above and beyond what it elected to include in its timely P.R. 3-3 disclosure, this factor weighs against allowing the belated amendment. *See Finisar Corp.*, 424 F. Supp. 2d at 902 ("[Fluidmaster] has not established that disallowing these new references is tantamount to a default judgement or that they are vital to its defense."); *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, Civil Action No. 9:06-CV-151, 2009 U.S. Dist. LEXIS 125379, at *13 (E.D. Tex. Mar. 30, 2009) ("Had they been important, [defendant] would have disclosed them in its Invalidity Contentions at the outset."). All of the indefiniteness arguments Fluidmaster now seeks to add to its Invalidity Contentions, and the sources from which it admits it developed same, were available to Fluidmaster before it served its P.R. 3-3 contentions pursuant to the Court's Docket Control Order. In any event, if the Court denies Fluidmaster's instant motion, Fluidmaster will still have its 217-pages of timely-served invalidity contention arguments that will allow it to mount a full defense based on alleged invalidity of the asserted patents. These contents expressly include and incorporate the two separately filed IPR petitions.

3. Allowing Fluidmaster to substantially enlarge the scope of its invalidity contentions would prejudice Danco's ability to timely meet the Court's claim construction deadlines and defend against Fluidmaster's shifting invalidity positions.

Fluidmaster implicitly admits that it could have easily made it current arguments in its Invalidity Contentions. Instead, Fluidmaster waited until a week after the parties exchanged their respective P.R. 4-1 proposed terms for claim construction before it decided to disclose to Danco its desire to expand its invalidity contentions. With Danco's identification of proposed terms then in hand, Fluidmaster then undertook to amend its invalidity contentions. *See Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 541 (E.D. Tex. 2015) (a "complete lack of diligence in this matter weigh very heavily against a finding of good cause for leave to amend.").

Danco should not be punished for its diligence and full compliance with the Court's Patent Rules and Docket Control Order by allowing Fluidmaster to now proceed through the remainder of the claim construction and discovery process with 18 newly disclosed indefiniteness grounds over the one, single ground it timely disclosed in accordance with P.R. 3-3. "The Local Patent Rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'" *Finisar*, 424 F. Supp. 2d at 901 (internal citation omitted). The potential prejudice to Danco in allowing Fluidmaster to advance new theories of invalidity at this stage of the case would be incurable.

First, Danco certainly has an interest in timely enforcing its Asserted Patents. In addition, an out-of-time amendment by Fluidmaster of its invalidity contentions would have the inescapable result of requiring Danco to revisit its claim construction disclosures and then brief these new issues and their impact on claim construction in time to meet the Court's "Claim Construction Hearing" deadlines. (*See, e.g.*, Docket Entry # 70 at p. 2). "Invalidity is an

affirmative defense, and the party which does not properly investigate [its defense] early enough to timely meet disclosure requirements risks exclusion of that evidence." *Finisar*, 424 F. Supp. 2d at 901-02. An elementary a review of Fluidmaster's proposed amendments reveals that each and every amended contention could have easily been asserted in Fluidmaster's original invalidity contentions. This factor also weighs against Fluidmaster's motion for leave to amend.

4. There is no availability of a continuance of the dependent and cascading Docket Control Order deadlines that would cure the prejudice to the claim construction and discovery processes.

Finally, allowing Fluidmaster to tender new invalidity contentions at this stage of the proceedings—where P.R. 2-1, 3-1, 3-3, 4-1, 4-2 and 4-3 disclosures and filings have already been made as prescribed by the Court in its Docket Control Order—would require that this case be reset back to the P.R. 4-1 stage, for which the compliance deadline passed a full two months ago. Not only would such a detonation of the case schedule affect past disclosures, it would correspondingly require resetting the subsequent P.R. 4-4 and 4-5(a)-(d) deadlines in advance of the August 15, 2017 claim construction hearing, as well as obviate the equitable purpose of the simultaneous exchanges of specific disclosures that have already occurred. P.R. 4-1, 4-2. As a result of Fluidmaster's conscious delay for over a month in seeking amendment, there is no availability of a continuance of the Court's Docket Control Order deadlines, and there is no way to put prior, simultaneously-exchanged disclosures back in the bottle.

Rather, Fluidmaster's practice of hiding the ball on its indefiniteness contentions until after the start of claim construction proceedings is not countenanced by this Court. In fact, Judge Clark previously noted the potential for such abuses, where "[t]he motive to delay disclosure is often even greater in patent cases than in other litigation, because of the bifurcated nature of a patent suit" and "the accused infringer wants to pin the patent holder to a claim

construction it knows will be invalidated by [positions] it has not disclosed." *Finisa Corp,* 424 F. Supp. 2d at 898. Having already seen Danco's proposed terms for construction, Fluidmaster proposed Amended Invalidity Contentions to maximize its advantage in this litigation. Subsequent to that exchange, Fluidmaster now has received Danco's proposed claim constructions and extrinsic evidence, all without Danco having knowledge of whether Fluidmaster's indefiniteness allegations are even before the Court in this case. To respond to Fluidmaster's new invalidity theories, extensive additional research, analysis, and expense would be required. Such prejudice to Danco cannot be cured by a continuance, even were one feasible under the Docket Control Order. Because Fluidmaster's untimely disclosure of proposed Amended Invalidity Contentions would prejudice Danco's ability to structure its infringement case and force Danco to incur substantial expenses evaluating previously undisclosed invalidity theories, this factor also weighs against allowing amendment.

## III. CONCLUSION

Every applicable factor to be evaluated by the Court weighs against allowing Fluidmaster to amend its P.R. 3-3 invalidity contentions more than a month after they were required to be disclosed to Danco. Fluidmaster offers no explanation as to why it could not have asserted each alleged new ground of invalidity in a timely manner. Likewise, Fluidmaster offers no explanation as to why its new arguments are "extremely important," nor does Fluidmaster explain why it would have left "extremely important" arguments out of its timely P.R. 3-3 contentions. Finally, both the Court (from a scheduling standpoint) and Danco would be prejudiced if Fluidmaster's proposed "Amended Invalidity Contentions" are allowed at this stage of the case, in contravention of P.R. 3-6(a). Accordingly, the Court must deny Fluidmaster's motion.

Respectfully submitted, this 23rd day of June, 2017.

Respectfully,

*/s/ Eric G. Maurer*_____

Geoff Culbertson
Texas Bar No. 24045732
PATTON TIDWELL & CULBERTSON LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
*gpc@texarkanalaw.com*

Eric G. Maurer
Georgia Bar No. 478199
Scott P. Amy
Georgia Bar No. 141416
THOMAS HORSTEMEYER LLP
3200 Windy Hill Rd SE, Suite 1600E
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

*eric.maurer@thomashorstemeyer.com*
*scott.amy@thomashorstemeyer.com*

*Counsel for Plaintiff Danco, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| DANCO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FLUIDMASTER, INC.,<br><br>Defendant. | Civil Action No.: 5:16-CV-07348-JRG-CMC |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2017, I caused a true and correct copy of the foregoing DANCO, INC.'S RESPONSE IN OPPOSITION TO FLUIDMASTER, INC.'S MOTION TO AMEND INVALIDITY CONTENTIONS OUT-OF-TIME to be served this day in electronic form on all counsel of record via filing same with the Court via CM/ECF.

Respectfully submitted,

_/s/ *Eric. G. Maurer*______

Geoff Culbertson
Texas Bar No. 24045732
PATTON TIDWELL & CULBERTSON LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
*gpc@texarkanalaw.com*

Eric G. Maurer
Georgia Bar No. 478199
Scott P. Amy
Georgia Bar No. 141416
THOMAS HORSTEMEYER LLP
3200 Windy Hill Rd., SE, Suite 1600E
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

*eric.maurer@thomashorstemeyer.com*
*scott.amy@thomashorstemeyer.com*

*Counsel for Plaintiff Danco, Inc.*