IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DANCO, INC.,** *Plaintiff,* v. **FLUIDMASTER, INC.,** *Defendant.* | Case No. 5:16-cv-0073-JRG-CMC |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER VENUE

Before the Court is Defendant Fluidmaster, Inc.'s ("Fluidmaster") Motion to Dismiss or, in the alternative, to Transfer Venue ("Motion") (Dkt. No. 67). In its Motion, Fluidmaster moves that, pursuant to Fed. R. Civ. P. 12(b)(3), 28 U.S.C. § 1406(a), and 28 U.S.C. §1400(b), all claims should be dismissed or transferred because venue is improper in this Court. Having considered the Parties' submissions and the relevant authorities, the Court is of the opinion that Fluidmaster's Motion to Dismiss for Improper Venue should be and hereby is **DENIED**.

I.  BACKGROUND

Danco, Inc. ("Danco") filed suit against Fluidmaster on June 10, 2016 (Compl., Dkt. No. 1). In its Complaint, Danco asserted that "[v]enue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b)." (*Id*. at ¶ 12.). On November 14, 2016, Fluidmaster filed its first Answer and Affirmative Defenses ("First Answer") in response to the Complaint. (Dkt. No. 10.) Concurrent with the filing of its Answer and Affirmative Defenses, Fluidmaster also filed an Opposed Motion to Change Venue. (Dkt. No. 11.) Fluidmaster's Motion to Transfer Venue sought, as the sole

remedy requested, this Court to transfer the case to the Central District of California under 28 U.S.C. 1404(a). (*Id*. at 12.) In its First Answer, Fluidmaster generally denied that venue was appropriate and incorporated by reference its Motion to Transfer Venue based on convenience. (Dkt. No. 10 at ¶ 12 ("Fluidmaster denies the allegations in Paragraph 12. Fluidmaster incorporates by reference its Motion to Transfer Venue filed contemporaneously with this Answer").)

On November 30, 2016, Danco filed its First Amended Complaint. (Dkt. No. 15.) In its First Amended Complaint, Danco again asserted that venue was proper. (*Id*. at ¶ 12.) On December 15, 2016, Fluidmaster filed its Answer and Affirmative Defenses to Danco's First Amended Complaint. (Dkt. No. 22.) In its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("Second Answer"), Fluidmaster again made a general denial of appropriate venue. (*Id*. at ¶ 12.) Additionally, Fluidmaster again incorporated by reference a "Motion to Transfer Venue filed contemporaneously with this Answer." (*Id*.) However, Fluidmaster did not contemporaneously file a new Motion to Transfer Venue, apparently incorporating the still-pending motion under § 1404.

On June 2, Fluidmaster filed a First Amended Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("Third Answer"). (Dkt. No. 66.) In this Third Answer, Fluidmaster restated its general denial of appropriate venue. (*Id*. at ¶ 12.) Additionally, Fluidmaster raised, for the first time, the affirmative defense of improper venue under 28 U.S.C. § 1400(b) premised on the Supreme Court's recent holding in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, ___ U.S. ___, 137 S. Ct. 1514 (2017).

Fluidmaster did not, however, file a Motion to Dismiss or in the Alternative Transfer Venue contemporaneously with the filing of its Third Answer. Rather, Fluidmaster simply noted in its

Third Answer that it would subsequently file such a motion. (Dkt. No. 66 at ¶ 12.) Fluidmaster filed such a motion, being the present Motion, three days later on June 5, 2017. (Dkt. No. 67.)

II. DISCUSSION

In its Motion, Fluidmaster argues that venue in the Eastern District of Texas is improper under 28 U.S.C. § 1400(b) since Fluidmaster does not reside within the District and does not possess a regular and established place of business within the District. (Dkt. No. 67 at 5.) Fluidmaster urges the case be dismissed on these grounds or, in the alternative, transferred to the Central District of California. (*Id*. at 6–8.)

   a. Improper Venue under 28 U.S.C. § 1400(b)

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2012); *TC Heartland*, 137 S. Ct. at 1519 ("§ 1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions.'") (quoting *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229 (1957)). If venue is not proper, a defendant may move to dismiss the case or transfer it to a district in which the case could have been originally brought. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).

While § 1400(b) does not define the word "resides," the Supreme Court in *Fourco* concluded that, under § 1400(b), a domestic corporation resides only in its state of incorporation. 353 U.S. at 226; *TC Heartland*, 137 S. Ct. at 1521. Even if a domestic corporation does not reside in the district in which the case is filed, venue remains proper if that defendant has committed acts of infringement in the district and has a regular and established place of business within the district. 28 U.S.C. § 1400(b).

i. Waiver

Danco objects to Fluidmaster's Motion based on improper venue, asserting that Fluidmaster has waived its improper venue challenge by failing to raise improper venue as an affirmative defense in its First Answer, by motion pursuant to Rule 12, or in its prior motion to transfer. (Resp., Dkt. No. 73 at 5.) Fluidmaster argues that it has "timely and repeatedly objected to Danco's chosen venue," that there is no basis for an argument that Fluidmaster has waived venue under 28 U.S.C. § 1406(b) (Mot., Dkt. No. 67 at 8), and that because Fluidmaster's prior Motion to Transfer Venue was made under 28 U.S.C. § 1404(a) and not Rule 12, no waiver may result through the combination of Rules 12(h)(1) and 12(g)(2). (Repl., Dkt. No. 76 at 3.)

However, as the Supreme Court has observed, "[section] 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege," *Van Dusen v. Barrack*, 376 U.S. 612 (1964) (*superseded by statute on other grounds*). *See also Ponce De Leon Hosp. Corp. v. Avalon Logistics, Inc.*, 117 F. Supp. 3d 124, 131 (D.P.R. 2015) ("[Section 1404(a)] presupposes that venue is proper in the original district court, but it may also be proper in another more convenient district."). By filing a motion to transfer venue based upon convenience and failing to assert that venue was improper in that motion, Fluidmaster conceded that venue is proper in this Court.

Even so, Fluidmaster submits that it has both timely raised venue in a responsive pleading and timely raised venue under Rule 12. Since each of Fluidmaster's pleadings denied venue was proper and its Third Answer clearly raised this issue, it argues, the improper venue issue must be preserved. (*Id.* (citing 17-111 Moore's Federal Practice – Civil § 111.36 (2017) ("A defense of improper venue may not be waived, even though it wasn't included in the defendant's answer, if

it is included in the relatively rare case of an amendment to the answer made as a matter of course under Rule 15(a).")) 

However, this exception actually proves the rule which Fluidmaster seeks to avoid. Fluidmaster's First Answer did not contain an assertion of improper venue. To have brought "an amendment to the answer made as a matter of course under Rule 15(a)," Moore's, Civil § 111.36, the amendment to the First Answer would have to have been filed within 21 days of the First Answer's filing. Fed. R. Civ. P. 15(a)(1); Moore's, Civil § 111.36 ("[A]n answer is a pleading to which no responsive pleading is required, so that the defense must be asserted in an amended answer within 21 days after service of the original answer."). Fluidmaster's Second Answer was filed a month following the First Answer.

It is well settled that an improper venue defense is waived if it is not included in "a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." *See Aisner v. Penn Mut. Life Ins. Co.*, 53 F.3d 1282 n.2 (5th Cir. 1995); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993). Fluidmaster's first answer to the original complaint did not include an objection that venue was improper under § 1400(b) as interpreted by *Fourco Glass Co. v. Transmirra Products Corp*, 353 U.S. 222, 229 (1957).[1] The

---

[1] This Court has previously held that the *TC Heartland* decision does not constitute an intervening change in law such that would permit an exception to the doctrine of waiver. *See, e.g., Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-cv-443, 2017 U.S. Dist. LEXIS 138108 at *24 (E.D. Tex. Aug. 28, 2017). A majority of district courts agree with this analysis. *President & Fellows of Harvard Coll. v. Micron Tech., Inc.*, 1:16-cv-11249-WYG, 2017 U.S. Dist. LEXIS 139485 *7–13 (D. Mass. Aug. 30, 2017) (canvasing the national case law and concluding that "this Court adopts the majority's approach, holding that TC Heartland does not qualify as intervening law.").

defense was therefore waived. *See* Fed. R. Civ. P. 12(h)(1)(B)(ii); *see also* Moore's, Civil §111.36 ("After the applicable time period for an amendment as a matter of course has expired, a defendant may amend his or her answer only by leave of the court, but such a permissive amendment does not allow a party to avoid waiver by including previously omitted defenses.").

Fluidmaster's Third Answer, an amendment of the Second Answer, does not change the result. A defendant seeking to raise an improper venue defense "must do so in their *first* defensive move, be it a Rule 12 motion or a responsive pleading." *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Indus. Fund*, 967 F.2d 688, 692 (1st Cir. 1992) (emphasis added) (quoting *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983)). If not raised in response to the original complaint either by motion or by responsive pleading, an available venue defense is waived. *See Rowley v. McMillan*, 502 F.2d 1326, 1332–33 (4th Cir. 1974). Such a defense may not be resurrected by a motion to dismiss an amended complaint or by a responsive pleading unless the amended complaint adds new allegations that in effect make the defense available. *See id.*; *see also Gilmore v. Shearson/American Express, Inc.*, 811 F.2d 108, 112 (2d Cir. 1987); *Green v. ADT, LLC*, No. 16-cv-02227-LB, 2016 WL 5339800, at *5 (N.D. Cal. Sept. 23, 2016). In sum, Danco's amended complaint does not wipe the waiver slate clean. *See also*, *Aralez Pharm. Inc. v. Teva Pharm. USA, Inc.*, No. 2:17-cv-00071-JRG-RSP, 2017 WL 3446543, at *2 (E.D. Tex. July 17, 2017), *report and recommendation adopted*, 2017 WL 3437894 (E.D. Tex. Aug. 10, 2017) (same).

To the extent that Fluidmaster appears to argue that this Court's Docket Control Order provides for the ability to amend pleadings as a matter of course, such argument mistakes the purpose and effect of the Docket Control Order ("DCO") and conflates the difference between

deadlines under the Rules of Civil Procedure and deadlines under the Docket Control Order. Where the Rules establish a framework, specifically, here, the right to amend a pleading as a matter of course within 21 days of filing it, and *only* within 21 days of filing it, the framework has a real and substantive effect. The Docket Control Order does not supplant the Rules. To the contrary, the DCO functions as, as its name literally suggests, a docket control and management tool. Rather than requiring, as the Rules do, specific leave from the Court to amend pleadings beyond the time provided for by the Rules, the Order grants a blanket leave to the Parties to make such amendments without requiring the Court's intervention. This blanket leave, however, is still a permissive one and does not function to extend the explicit time within which amendments may be entered as a matter of course. It is the explicit amendment time provided by Rule 15(a)(1) which controls the exception to Rule 12(h), as explicitly identified by the Rule itself. Fed. R. Civ. P. 12(h)(1)(b)(ii) (referencing Fed. R. Civ. P. 15(a)(1) as providing the time for amendment as a matter of course).

Although Fluidmaster states that it "timely and repeatedly objected to Danco's chosen venue," (Dkt. No. 67 at 8), the general denials made by Fluidmaster in its various Answers are unavailing. As courts in this District and elsewhere have explained, raising the issue of venue as a defense in general is not sufficient to preserve every objection to venue. *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, 2017 U.S. Dist. LEXIS 94495, 2017 WL 2651618, at *21 (E.D. Tex. June 20, 2017); *see also Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 2017 U.S. Dist. LEXIS 143016 *12 (D. Or. Sept. 5, 2017) (same); *Amax, Inc. v. ACCO Brands Corp.*, No. 16-10695-NMG, 2017 U.S. Dist. LEXIS 101127, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017) (holding that generally stating that venue was

improper in an answer and arguing for transfer of venue based on convenience factors under § 1404(a) failed to preserve an objection that venue was proper under § 1400(b)); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15cv21, 2017 U.S. Dist. LEXIS 90728, 2017 WL 2556679, at *4 (E.D. Va. June 7, 2017) (finding that one defendant had failed to sufficiently object to venue by raising a venue defense in its answer and by failing to cite *Fourco* to challenge venue), *mandamus denied*, No. 17-124, 2017 U.S. App. LEXIS 10921 (Fed. Cir. June 9, 2017).

Accordingly, the DCO did not function to extend the time during which Fluidmaster was able to amend its answer as a matter of right such that it could avoid waiver. Fluidmaster's Third Answer in which it raised, for the first time, an affirmative defense of improper venue, and the subsequently filed instant Motion, were untimely in raising such issue. As noted above, by its own standalone § 1404 motion Fluidmaster has recognized and accepted that venue in this District is proper.

III. CONCLUSION

Having considered the governing statutes and applicable precedents, the Court finds that Defendant has waived the affirmative defense of improper venue. Accordingly, the Motion (Dkt. No. 67) is hereby **DENIED**.

**So ORDERED and SIGNED this 25th day of October, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE